## WALLACE v. RANDOL.

### S. F. No. 804; October 7, 1898.

#### 54 Pac. 842.

**Brokers—Bills and Notes—Consideration.**—Plaintiff Brokers were Engaged to sell certain property for a specified commission, one-half to be paid when the first installment of the price was paid, and the other half on the payment of the second installment. A sale was effected, it being agreed that the purchaser should be allowed one-half of the commissions. To settle the purchasers' claim that they were entitled to one-half of the entire commission on the payment of the first installment, plaintiffs allowed the former to retain half the entire commission, and entered into an agreement with them which recited that the purchasers had received the full amount of their commission, and plaintiffs were to have all the commission due on the second installment; and that certain non-negotiable notes contem-poraneously executed by the purchasers to plaintiffs for plaintiffs' share of the commission on the first installment should be returned to the purchasers if the second payment "was completed." The second installment was not paid, and plaintiffs sued the purchasers on the notes. There was nothing to show that plaintiffs had in any way prevented the payment of the second installment. Held, that, irrespective of whether there was a tender of the second installment by the purchasers, and a wrongful refusal of the sellers to accept it, which of itself would "earn" the commission, plaintiffs were entitled to recover on the notes, since they were based on a valuable consideration, and the second payment was not "completed." [1]

APPEAL from Superior Court, City and County of San Francisco; J. M. Seawell, Judge.

---

[1] Cited and followed in Hardin v. Dickey, 123 Cal. 515, 56 Pac. 259, where it was held that a receipt given by an officer to make up his record in a foreclosure suit may be explained by parol evidence showing that no money was, in fact, received.

Action by James H. Wallace against James B. Randol to recover on a note. From a judgment for plaintiff, defendant appeals. Affirmed.

Edward J. Pringle for appellant; W..S. Goodfellow for appellee.

GAROUTTE, J.—The facts of this case, as disclosed by the record, are somewhat complicated. In many respects we do not see their materiality as bearing upon the merits of the present litigation, and proceed to state those we deem material. A Scottish company owned a large tract of land in the state of California, known as the "Chowchilla Ranch." They placed this ranch in the hands of a broker in London for sale at the price of $1,500,000, agreeing to pay him $75,000 commission if effecting a sale—one-half of this commission to be paid when the first installment of the purchase price was paid, and one-half upon the payment of the second installment. The London broker secured the services of Catton, Bell & Co., brokers of the city of San Francisco, to assist him in effecting a sale of the property, agreeing to pay them for their services three-fourths of the commission. The San Francisco brokers found purchasers in E. B. Perrin and James B. Randol, and agreed that they should be allowed one-half of the commission, which amount was to be credited upon the purchase price. Perrin and Randol paid the first installment of the purchase price. This payment was composed in part of commissions on the sale, and in crediting those commissions as part payment complications arose which have come to a head in this litigation. Thirty-seven thousand five hundred dollars in commissions being due when Perrin and Randol made the first payment, they claimed a credit to that extent. But the London broker claiming one-quarter interest in the commissions, and Catton, Bell & Co. claiming one-quarter interest, a difference between the parties arose. A one-fourth part of this commission earned amounted to $9,375. This difference between Perrin and Randol upon the one part and Catton, Bell & Co. upon the other part was settled in the following manner: Randol, having a one-third interest in the purchase, gave Catton, Bell & Co. his promissory note for $3,125, payable upon the second day of February, 1892. Perrin, having a two-thirds

interest in the purchase, gave his promissory note to Catton, Bell & Co. for $6,250, payable at the same time. The date of the payment of these notes was also the date when the second installment of the purchase price would fall due. As part of the transaction between the parties at this time an agreement was entered into, which recites: "Witnesseth, the said Randol and Perrin have this day received from Messrs. Catton, Bell & Company the sum of twenty-eight thousand one hundred and twenty-five ($28,125) dollars, in full payment of their share of the commission on the sale of the Chowchilla Ranch, situated in Merced and Fresno counties, and therefore waive all claim to any portion of the commission that is payable when the second payment is completed on account of the purchase of the ranch. . . . . The said Randol has this day given his note unnegotiable for $3,125 to the said Catton, Bell & Company, and the said Perrin his note unnegotiable for $6,250. Both of said notes are to be held as security for the payment of the shares of Catton, Bell & Company in the said commission, upon the understanding that, should the second payment to be made on account of the ranch out of which is to come the full share of Catton, Bell & Company in the commission, to wit, $28,125, be completed, the said notes are to be returned to the said Randol and Perrin, respectively; otherwise the notes shall be considered good and payable to the extent to which there may be deficiency in the commission of said Catton, Bell & Company." In due course the time arrived when these notes became due and payable. No second payment was made to the Scottish company upon the purchase price of the ranch, hence no commissions came to Catton, Bell & Co.; and this action was thereupon commenced against Randol upon his note by the assignee of the brokers. He now appeals from the judgment rendered against him. Clearing away the rubbish, we find the foregoing facts are practically all that are material to the consideration of this case. Both evidence and argument have been presented as to the liability of the Scottish company for the balance of the commission, and also time and labor have been spent in attempting to show that it was the fault of the Scottish company that the second installment of the purchase price upon the ranch was not paid, and also that Perrin and Randol made a legal and proper tender of such installment of the purchase price. It is fur-

ther disclosed that the original contract of purchase between the Scottish company and Perrin and Randol was subsequently modified, and practically supplanted, by other and different contracts. But we fail to see the materiality of these matters as bearing upon the pending litigation. The note here sued upon and the contemporaneous contract were matters arising entirely between Catton, Bell & Co. upon the one side and Perrin and Randol upon the other. They were contracts in which the Scottish company was not a party, and in the result of which it had no possible interest.

Let us see what the contract was between these parties. They had $28,125 in commissions to divide, one part to the brokers and two parts to Perrin and Randol. With the utmost liberality let us concede that Perrin and Randol claimed this entire amount, yet at the same time it must be conceded that Catton, Bell & Co. claimed one-third of it. Whatever may have been the exact claim of Perrin and Randol to the portion claimed by Catton, Bell & Co., to wit, $9,375, they induced those brokers to relinquish that claim, and as a consideration for such relinquishment they gave their respective notes to the brokers for the amount, payable February 1, 1892, the time when the balance of the purchase price fell due. And they thereupon agreed by the instrument from which we have quoted that, if such purchase price was not completed, then these notes were to be deemed immediately due and payable. This was a plain, fair contract entered into by the parties, based upon valuable considerations, and unless Catton, Bell & Co. in some way prevented the payment of the balance of the purchase price, they are entitled to recover in this action. Nothing of the kind is alleged. No fraud is suggested. It is apparent that the Scottish company, by any act upon its part, could not defeat recovery upon these notes, for it was in no sense a party to the transaction. Catton, Bell & Co., in making the contract were acting for themselves alone. Even the London broker had no interest of any kind or character in the matter. The notes would become due and payable upon the happening of a certain event, namely, noncompletion of the purchase price. This event took place, and under the terms of the agreement a cause of action at once arose. Conceding the alleged tender of Perrin and Randol to the Scottish company had the legal effect of an earning of the balance of the commission

agreed to be paid by that company—a matter not necessary to here consider—still that was not the condition specified in the agreement which was to render the notes nugatory. "Earning the commission" is not the equivalent of a "completion" of the payment of the purchase price. For the foregoing reasons the judgment and order are affirmed.

We concur: Harrison, J.; Van Fleet, J.