[Sac. No. 301.   Department Two.—February 20, 1899.]

JAMES A. HARDIN, Appellant, v. W. J. DICKEY, Respondent.

MORTGAGE—BENEFICIAL INTEREST—AGREEMENT BY TRUSTEE—PRO RATA PAYMENT—PURCHASE UNDER FORECLOSURE—TRUST.—Under a contemporaneous written agreement accompanying a note and mortgage executed in the name of one of two persons jointly interested therein, by which the mortgagee named agreed to collect or foreclose the mortgage, and to pay to the beneficial owner his *pro rata* share out of any sums paid on the mortgage, the foreclosure of the mortgage with the consent of the beneficial owner, in an action brought by a subsequent lien holder, and a purchase made thereunder in the name of the mortgagee, does not constitute a payment, and does not render the purchaser liable to an action upon the agreement. He is merely a trustee for the co-owner as to his proportionate interest in the title obtained by the foreclosure.

ID.—RECEIPT TO SHERIFF—EXPLANATION.—A receipt may always be explained; and never so well as when given to the sheriff to make up his record in a foreclosure sale.

ID.—PURCHASE IN NAME OF MORTGAGEE — CONVERSION — MATURITY OF CAUSE OF ACTION—ABSENCE OF DEMAND AND REFUSAL.—The purchase under foreclosure in the name of the mortgagee did not constitute an appropriation of the property to his own use, nor force a maturity of the agreement to pay the beneficial owner out of any sums paid on the mortgage, in the absence of any demand and refusal to make a declaration of trust, or to convey to the beneficial owner his interest in the property.

ID.—ACTION BEFORE MATURITY OF OBLIGATION—RES ADJUDICATA—GENERAL JUDGMENT.—An action brought before the maturity of the obligation to pay money upon which the action is based, is no bar to any subsequent action or proceeding by the plaintiff; and his rights cannot be prejudiced by a general judgment for the defendant in such action.

ID.—ELECTION OF REMEDY.—The beneficial owner of the interest in the mortgage may elect to await a change of the property into money, and then collect his proportionate share of the proceeds at law; or to proceed in equity to enforce his interest in the purchase.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial.   E. W. Risley, Judge.

The facts are stated in the opinion.

Meux & Johnston, for Appellant.

F. H. Short, and H. H. Welsh, for Respondent.

PRINGLE, C.—Appeal from order denying motion for new trial and from judgment. Action brought to recover eleven hundred and eighty dollars upon an instrument in writing. The defendant answered, making denials and setting up affirmative matter in defense. Demurrer to the answer was interposed, chiefly on the ground of alleged insufficiency of the denials. Demurrer was overruled and the parties went to trial, and judgment passed for defendant. The overruling of the demurrer is assigned as error. It is claimed also that the evidence does not sustain the findings or the findings support the judgment. For the more convenient solution of those questions it will be well to reverse the order of considering them, and ascertain: 1. Whether the findings support the judgment; 2. Whether the findings are sustained by the evidence; and 3. Whether the answer is sufficient to support the findings.

1. Do the findings support the judgment? They are substantially as follows: On November 8, 1889, W. J. Dickey, the defendant in this action, and one M. J. Donahoo were entitled to collect and receive from D. R. McKenzie and Frank Rule the sum of three thousand three hundred and seventy-six dollars and fifty-eight cents; and for the purpose of securing the indebtedness McKenzie and Rule gave a note and mortgage for that amount. The defendant Dickey was entitled to about two-thirds of the amount, and Donahoo to about one-third thereof. And it was agreed between them that the note and mortgage should be taken in the name of the defendant, and be by him collected or foreclosed for the benefit of the defendant and said Donahoo in the proportion aforesaid. In evidence of this agreement Dickey gave to Donahoo, on the same eighth day of November, the written instrument set forth in the complaint, which is the foundation of the action. The following is the instrument:

"$1,180.                    Fresno, Cal., Nov. 8, 1889.

"Twelve months after date, without grace, for value received, I promise to pay to M. J. Donahoo, or order, the sum of eleven hundred and eighty dollars, said amount now included in mtg. of Rule & McKenzie to W. J. Dickey, of even date, and to be

paid *pro rata* out of any sum pd on said mtg. & not to be paid until that time, with interest thereon at the rate of one per cent per month from date until paid, both principal and interest payable in gold coin of the government of the United States, said interest payable ———, and if not so paid, the interest to draw interest the same as the principal; and if this note is collected by suit ——— agree and promise that the court having jurisdiction allow a reasonable attorney's fee, together with all legal expenses, to be made a part of the judgment.

"W. J. DICKEY."

Thereafter an action was brought to foreclose another mortgage on these mortgaged premises, and Dickey, defendant herein, was made a defendant. Dickey, with the knowledge and consent of Donahoo and under his direction, filed a cross-complaint in the action setting up his mortgage, which was on the trial adjudged to be prior and superior to the other; and the result was that the mortgaged premises were sold under foreclosure and bought in by the said Dickey at the sum of six thousand one hundred and eighteen dollars and twenty cents, the amount due on his mortgage, no other person bidding at the sale. Sheriff's certificate was executed to Dickey, who receipted to the sheriff for the purchase money; but no money was in fact received by Dickey, nor any property or thing of value except what was so conveyed to him under the foreclosure. Dickey holds the mortgaged premises conveyed to him in the same manner and subject to the same rights and obligations as he had held the note and mortgage of McKenzie and Rule.

Upon these facts the plaintiff, who sues as the assignee of Donahoo, is not entitled to recover upon the instrument set forth in the complaint. Nothing has been paid on the mortgage. (*Wallace v. Randol* (Cal., 1898), 54 Pac. Rep. 842.) There can be no mistaking the intention of the instrument given by Dickey to Donahoo when read in the light of the surrounding circumstances. It was to sink or swim with the mortgage of Rule and McKenzie. "I promise to pay the sum of eleven hundred and eighty dollars, said amount now included in mortgage of Rule and McKenzie to W. J. Dickey of even date, and to be paid *pro rata* out of any sum paid on said mortgage, and not to be paid until that time," et cetera. The appellant contends

that the buying in by Dickey of the mortgaged premises and the receipt given by him to the sheriff constitute a payment within the meaning of the instrument. But between the two joint owners of the Rule and McKenzie mortgage, it cannot be that it was intended that one should take the chances of collection, and not the other. Even if the words were less explicit than they are, a court would resist the conclusion that when the collection of the mortgage was to be made for account of both owners, the buying in by the nominal party at the foreclosure sale, in default of other bidders, and in the absence of any apparent intention to profit by the purchase, would make him liable to the co-owner. To foreclose a mortgage is merely to subject the property to the satisfaction of the lien. And in this case the foreclosure seems to have been forced upon Dickey by the aggression of the other mortgage on the same property, claiming priority. There are no legal objections to this conclusion. The appellant claims that it was error to permit the respondent to contradict his receipt to the sheriff. There is no force in this contention. A receipt may always be explained, and never so well as when it is given to the officer to make up his record in a foreclosure sale. This disposes of the main question on the judgment-roll.

Criticism is made of the finding that the defendant did not collect the sum of six thousand one hundred and eighteen dollars and twenty cents in gold coin, on the ground that there is, by negative pregnant, an implication that it was collected in other moneys. But the criticism is not just. The entire finding is: "That the defendant did not, . . . . on the twenty-fourth day of September, 1895, or at any other time, or at all, collect or receive from the said Rule and McKenzie note and mortgage, or from either of them, or at all, the sum of six thousand one hundred and eighteen dollars and twenty cents in gold coin of the United States, or *in any manner or sums or at all*." The appellant in his criticism omitted the words in italics.

Objections are made to the verbal accuracy of the findings in reference to the assignment and to the title of plaintiff. But in view of the affirmance of the judgment in favor of the defendant they may be disregarded.

2. Does the evidence justify these findings? No objection is

made to the finding that the note and mortgage were owned by Dickey and Donahoo in the proportions alleged, nor to the findings that it was agreed between Donahoo and Dickey that the note and mortgage should be taken in the name of Dickey and be by him collected or foreclosed for their joint benefit; nor to the finding that with the knowledge and consent and under the direction of Donahoo before his assignment to the plaintiff, Dickey filed his cross-complaint to foreclose the mortgage. None of these material facts are attacked. Objection is made only to the general findings that the defendant did not collect the note of Rule and McKenzie, and that there is nothing due to the plaintiff. And upon them the chief argument of the appellant· hinges.

Objection is also made to the finding that the defendant holds the property for the use and benefit of himself and of Donahoo, or the plaintiff as his assignee, in the same manner and subject to the same rights and obligations as the note and mortgage were held by him. But this is a conclusion clearly justified by the circumstances under which the purchase was made by the defendant. The findings show the knowledge, consent, and direction of Donahoo to the foreclosure. And the plaintiff says that in the fore part of June, 1894, he notified Dickey that he had the note. "I called at his office and had a pleasant interview with him, and told him I had this note, and how I came by it. He explained to me the situation of things, but did not tell me whether or not he would ever get anything out of the Rule and McKenzie mortgage and note. I spoke to him about the mortgage. At that time Mr. Meux was fighting the mortgage, which turned out to be a second mortgage, against this mortgage, and that had not been decided, and Mr. Dickey told me he was positive that our mortgage would take precedence, and he wanted the first mortgage. He was confident we would win the case, and no trouble about it, only took time." The defendant says:

"Donahoo and myself were to jointly share all the expense, pay all the taxes and other moneys that were necessary to keep the property in repair until we could get rid of it—we were to jointly bear our proportion of the expenses.

"I did not receive any money; simply bid in the property to

protect myself and Mr. Donahoo; no money was passed of any kind.

"I saw Colonel Hardin in my office a year or so ago, I disremember the date. He came in and introduced himself and told me what he came for. He told me he had a note from Mr. Donahoo, and he says: 'Well, I would like to sell it to you.' Well, I says, I don't know yet whether we will ever get anything out of it or not. If we don't it aint worth anything. . . . . Well, the Colonel made me an offer in regard to what he would take on it, and I told him that there might be a possibility of nothing ever coming out of it. I says, it may be that we will never get anything out of it, and I don't wish to buy it, and I told Mr.· Donahoo—he offered to sell it to me at the time it was taken originally—and I told him I wouldn't have it, I had enough in there, that I would protect what I had, of course, and try to get it out. That is the import of the whole thing."

The strenuous contention of the appellant is, that the buying in of the property by the respondent in his own name was an appropriation of it to his own use and forced a maturity of the instrument sued on. Counsel says: "The only proposition, we think, that is presented to this court for consideration in this regard is, Did the plaintiff ever authorize the defendant to buy in the property in the manner it was purchased at the foreclosure sale." It is shown that all the foreclosure proceedings up to and including the decree were had with the knowledge and consent of Donahoo, who was then the owner; and that after the assignment to the plaintiff he, the plaintiff, was in pleasant relations with the defendant, who says, "I explained to him about the foreclosure suit." Counsel complain that the defendant bought in his own name and not in the joint names of himself and plaintiff, and that he has never tendered a declaration of trust, nor a conveyance to plaintiff of his interest in the property. But, in the absence of any evidence tending to show any demand for such a declaration of trust or conveyance, or any refusal, the argument of the appellant comes with an ill-grace in the same breath in which he takes exception to the very finding which declares a trust in his favor. He must submit to having a trust thrust upon him. For, there being no evidence whatever tending to show a denial of the rights of the plaintiff, the question is reduced to the

single point whether the fact of buying, in the absence of any other bidders at the foreclosure sale, and of buying in his own name, is an appropriation to his own use, so as to constitute payment as between the plaintiff and himself, and on that point the question is of easy solution. The cases cited by counsel as to what is payment as between debtor and creditor have no bearing upon the question arising here between the two joint owners. The action of this defendant seems to have been for the best interest of both parties. It was not in any respect aggressive, but wholly defensive. It does not appear that he could have postponed the foreclosure sale with any prospect of a better result. By his purchase he put the property in a better position for a resale in the interest of himself and his associates; for he avoided the incubus of an equity of redemption.

In view of the facts proved and of the law resulting from the situation, there can be no doubt that the rights of the parties were not affected by taking the property in satisfaction of and as a substitute for the lien of the mortgage upon it.

Another question which presents itself is, whether the rights of the plaintiff in the property purchased or to some subsequent proceeding are prejudiced by the entry of a general judgment in this case in favor of the defendant. But it is well settled that this action, having been brought before the maturity of the obligation, is no bar to any subsequent action or proceeding by the plaintiff. (*Gray v. Dougherty*, 25 Cal. 266.) And the plaintiff is at liberty to elect whether to await a conversion of the property into money by the defendant and then collect his proportionate share at law, or to pursue such equitable remedy as he may prefer. As his action in this case was at law for the collection of the amount claimed to be due on the instrument, a general judgment for the defendant was proper.

3. Some of the denials in the answer are inartificial and insufficient. But the matter set up affirmatively is a denial, and is sufficient to support the findings.

I advise that the order denying the motion for new trial and the judgment be affirmed.

Haynes, C., Britt, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order deny-ing the motion for new trial and the judgment are affirmed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.