[No. 11083.  Department One. — June 17, 1886.]

## DAWSON LOW, APPELLANT, *v.* L. M. WARDEN, RESPONDENT.

PROMISSORY NOTE — ACTION ON — PROOF OF INDORSEMENT — PRACTICE — OPENING CASE AFTER RESTING — NONSUIT. — The action was brought on a promissory note by an indorsee. The complaint alleged the execution of the note, its assignment to the plaintiff by the payee, and that he was the owner and holder thereof. The answer admitted the execution of the note, but denied every other allegation of the complaint. On the trial the plaintiff offered the note in evidence, proved that no part of it had been paid, and rested without any proof of the indorsement. The defendant then moved for a nonsuit on the ground that there was no proof of the indorsement. The plaintiff's counsel contended that no such proof was necessary, but upon an intimation of the court to the contrary, asked leave to open the case and introduce evidence of the indorsement. This the court refused to allow, and granted the motion for nonsuit. The nonsuit, if allowed to stand, would have compelled the plaintiff to bring a new action, to which the statute of limitations would be a bar. *Held,* that under the circumstances the rulings of the court were erroneous.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order granting a motion for a nonsuit.

The facts are stated in the opinion of the court.

*W. H. Spencer,* and *Craig & Meredith,* for Appellant.

*E. & William Graves,* and *J. N. Turner,* for Respondent.

THORNTON, J. — This is an action on a promissory note. The complaint averred the execution of the note, and that it had been sold and assigned to the plaintiff by the payees, "D. Low and Brother," and that plaintiff was the owner and holder thereof.

The defendant by his answer admitted the execution of the note, but denied every other allegation of the complaint.

The plaintiff's counsel proved by oral testimony that on December 10, 1880, defendant was indebted to D. Low and Brother in the sum of $762 on his promissory note to them; that on that day he paid them $400, and gave to them a new note for $362. A copy of this new note, on which this action was brought, is set forth in the complaint. Plaintiff further proved that no part of this note had been paid. He did not then offer the note, which it appears was in his possession. The defendant moved for a nonsuit on the ground that the note on which the suit was brought had not been offered in evidence. Plaintiff was then allowed by the court to offer the note in evidence. When it was offered, the defendant objected to its introduction on the ground, among others, that the note was not properly indorsed. It does not appear that the indorsement was at that time offered,— nor was the attention of the court called to it,— though it subsequently appeared that the note had written on the back of it, "D. Low and Brother." The plaintiff rested without any proof of the indorsement.

The defendant then moved for a nonsuit on the ground that there was no proof of the indorsement of the note. The plaintiff's counsel contended that no such proof was necessary. The court, after hearing argument, intimated that proof of the indorsement was necessary. Upon this,

plaintiff's counsel asked leave to open the case and introduce testimony concerning the indorsement. This the court refused to allow, and granted the motion for a nonsuit, to which rulings plaintiff excepted.

We are of opinion that justice to the plaintiff demanded of the court that he should have been allowed to introduce testimony to prove the indorsement. The views of plaintiff's counsel in regard to the questions presented were novel and peculiar, and the course pursued by him singular, but we do not think that this justified the court in refusing to allow the plaintiff to prove that the note had been indorsed to him. The request was simply to prove the handwriting of the payees of the note. It was not an offer to prove something which rested in parol merely, as to which a wider discretion in granting or refusing it might be conceded to the court below.

If the nonsuit were allowed to stand, the plaintiff would be compelled to bring a new action, to which the statute of limitations would be a bar. The plaintiff would thus suffer the loss of money justly due to him. Under the circumstances, this should not be allowed. We think the court erred in refusing to permit the plaintiff to introduce testimony as to the indorsement, for which the judgment must be reversed.

There is nothing in the other ground on which the motion for a nonsuit was based, viz., that the note was barred by the statute of limitations.

The judgment is reversed, and cause remanded for a new trial.

McKEE, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.