[Civ. No. 1315.  First Appellate District.—February 25, 1914.]

## C. SFERLAZZO, Appellant, v. D. D. OLIPHANT, Respondent.

CORPORATIONS—POWER OF OFFICERS—INDORSEMENT OF NOTE BY PRESIDENT—CUSTOM.—The president and general manager of a corporation may be shown to be invested by custom or the usage of its business with authority to indorse and transfer commercial paper.

ID.—BY-LAWS DECLARING POWERS OF OFFICERS—WHETHER PRECLUDE PROOF OF CUSTOM.—Proof of such usage is not precluded by a by-law of the corporation providing that the president "shall sign as president all certificates of stock, and other contracts and other instruments of writing which have been first approved by the board of directors, and shall draw all checks."

ID.—LIMITATION ON POWER OF DIRECTORS—BY-LAWS NOT SO INTERPRETED.—Such by-law is not a limitation upon the power of the directors of the corporation to invest its president and general manager with authority to do things of the kind in question in the ordinary and usual course of its business, and to signify their approval of his acts by the custom and usage of the corporation in the conduct of its affairs.

ID.—SPECIAL MEETING OF DIRECTORS—NOTICE—MANNER OF PROVING.—The purpose of a by-law providing that service of the notice of a special meeting of directors shall be entered in the minutes, and that the minutes upon being read and approved at a subsequent meeting, shall be conclusive upon the question of service, is to

24 Cal. App.—6

facilitate the proof of the regularity of the board's proceedings, but not to limit the manner of proving service. Hence it is error, in an action on a note executed to a corporation and indorsed by its president, to refuse to permit the plaintiff to prove by a witness that absentees from a special meeting of the board of directors at which a resolution was passed authorizing the president to indorse the note, had been duly served with written notice of the meeting.

ID.—PROOF OF SERVICE OF NOTICE OF SPECIAL MEETING ON ABSENTEES—WHETHER NECESSARY.—Where the minutes of such a special meeting authorizing the president of the corporation to indorse its commercial paper are read in evidence without objection, and it appears therefrom that a quorum was present, it is not essential for the plaintiff to prove that the absentees were served with notice of the meeting.

ID.—SPECIAL MEETINGS OF DIRECTORS—PRESUMPTION AS TO REGULARITY OF PROCEEDINGS—BURDEN OF PROOF.—While it is true that special meetings of the directors of corporations are not legal unless called and noticed as the by-laws require, or unless these requirements are waived by the members of the board, either expressly or impliedly, by their presence and participation in the meeting, yet it is not incumbent upon a person relying upon the regularity of acts done at such meeting, to show affirmatively that the meeting was in fact called and noticed in the manner specified in the by-laws. The meeting having been held, and a quorum of the board having been present and done the act in question, their meeting and action are presumed to be regular and legal; and it is incumbent upon those who assailed the legality of the meeting and of the act in question to show that the meeting was not called and noticed as the by-laws require.

ID.—NONSUIT—PRINCIPAL OBJECT—POINTING OUT DEFECTS IN PLAINTIFF'S PROOF.—One of the chief objects subserved by a motion for nonsuit is to point out to the court and to opposing counsel the specific oversights and defects in the plaintiff's proof of his case; and this in order that, as to the latter, he may supply, if possible, the specified deficiencies in his proof.

ID.—DUTY OF COURT TO ALLOW PLAINTIFF TO SUPPLY MISSING PROOF ON MOTION FOR NONSUIT.—And it is the duty of the court, when the attention of the plaintiff is thus called to defects in his proof, to permit him to supply the missing evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. A. J. Buckles, Judge presiding.

The facts are stated in the opinion of the court.

Gerald C. Halsey, for Appellant.

Schwartz & Powell, and David D. Oliphant, Jr., for Respondent.

RICHARDS, J.—This is an appeal from an order granting the defendant's motion for nonsuit, and also from an order denying plaintiff's motion for a new trial.

The action is one to recover upon a promissory note executed by the defendant to F. P. Cutting Company, a corporation, payable one day after date, which said note the plaintiff alleged was indorsed and assigned to Gerald C. Halsey, and by said Halsey to the plaintiff. The answer admitted the execution of the note to the corporation, but put in issue its indorsement and transfer; and further averred that there was no consideration for the note. Upon the trial the note was produced, and showed its indorsement to the order of Gerald C. Halsey by "F. P. Cutting Company by F. P. Cutting, president." The evidence of F. P. Cutting was produced, showing that he was at and from a time prior to such indorsement the president and general manager of the F. P. Cutting Company. He was then asked the question as to what was the custom of that company regarding the indorsement of checks, notes, and similar instruments during the three years that he had been president of the company. Counsel for defendant objected to the question, and in support of his objection referred the court to a by-law of the corporation already in evidence, reading, "He (the president) shall sign as president all certificates of stock, and other contracts and other instruments of writing which have been first approved by the board of directors, and shall draw all checks." The court sustained the objection, saying, "They don't have any general custom if the by-laws provide a rule."

We think the court erred in this ruling as to the effect of the by-law above quoted. Counsel for the plaintiff raised a question as to the sufficiency of the foregoing by-law in its application to the indorsement of notes or other choses in action, but aside from this question we think the rule to be well settled that the president and general manager of a going business concern may, by the custom and usage of the corporation, be invested with power to do a variety of things

necessary to be done by some particular officer or agent in the usual and ordinary course of business. The indorsement and transfer of commercial paper and choses in action comes easily within the class of powers with which the president and general manager of a corporation may be shown to have been invested by proof of the usage of its business (*Greig* v. *Riordan*, 99 Cal. 316, [33 Pac. 913].)

Nor do we think that the by-law urged here in opposition to the proof of such usage is to be construed as preventing the admission of such proof. Its language is permissive—not restrictive. It assumes to expressly authorize the president to sign all contracts and other instruments in writing which have been first approved by the board of directors; but the by-law does not indicate how that approval may be manifested; nor does it forbid the giving of larger powers in such matters to the active head of the concern. It is not, therefore, to be held to be a limitation upon the power of the directors of the corporation to invest its president and general manager with authority to do things of the kind in question in the ordinary and usual course of its business; and to signify their approval of his acts by the custom and usage of the corporation in the conduct of its affairs. (*Stevens* v. *Selma Fruit Co.*, 18 Cal. App. 242, [123 Pac. 212]; Thompson on Corporations, secs. 4626, 4628). We think, therefore, that the court erred in refusing to permit the witness Cutting to show the custom and usage of the corporation with respect to the indorsement of its paper.

The appellant further contends that the court committed a double error in granting the motion for nonsuit: Immediately after the court had refused to permit the witness Cutting to testify to the custom of the corporation with respect to the indorsement of its commercial paper, the judge asked the said witness whether the minute book showed any authorization in the president to make the indorsement. The witness answered "Yes," and thereupon at the request of the court produced and read in evidence, without objection, the minutes of a special meeting of the F. P. Cutting Company at which the following resolution was adopted: "Resolved, that the president, F. P. Cutting, is hereby authorized on behalf of this company to indorse, transfer and assign any notes or negotiable instruments owned by this company, for

such purposes as he may deem best." The minutes of this meeting show that it was a special meeting; that a majority of the directors were present, but that there were two absentees. The minutes, in the absence of the regular secretary, were kept and subscribed by the president, F. P. Cutting. Upon cross-examination Mr. Cutting testified that the meeting had been called by his order to the secretary, and that he did not know what notices had been given by the secretary to the absent members of the board. The by-laws provide that the president may call special meetings, and that notice of such called meetings shall be given by leaving a written or printed notice at the last known place of business or residence of each director. The by-laws further provide that "such service of notice shall be entered on the minutes of the corporation; and the said minutes, upon being read and approved at a subsequent meeting of the board, shall be conclusive upon the question of service." The service of notice of this called meeting was not entered on the minutes, nor were such minutes read or approved at a subsequent meeting of the board. Upon this state of the record the plaintiff announced that he rested his case; whereupon the defendant moved for a nonsuit. Upon such motion being made the plaintiff offered to prove by another witness that the two absentees had been duly served with written notice of the meeting. The court refused to allow this proof to be given "upon the ground that the service of notice was not entered on the minutes, nor did it appear that the minutes were read and approved at a subsequent meeting of the board"; and thereupon the court granted the motion for nonsuit.

We think that, as to the reason given by the court for its refusal to permit the plaintiff to make proof of the due service of notice upon the absentees from the meeting, such reason is not sufficient. The object of the requirement in the by-laws that the fact of service of due notice of special meetings shall be entered in the minutes is in order that the recital of such fact therein shall be of itself *prima facie* proof of such notice, which may become conclusive by the subsequent approval of the minutes; but it cannot be held to be the only permissible proof of such service or of the regularity of such meeting; otherwise the secretary, by the omission of this clerical duty, could destroy the legality of any special meeting

of the board of directors, and thereby nullify its acts. The same reasoning applies to the reading and approval of the minutes at a subsequent meeting of the board. These requirements in the by-laws are intended to facilitate the proof of the regularity of the board's proceedings, but not to limit such proof to the minute entries and clerical acts of the clerk. The reasons of the court, therefore, were not only insufficient, but the ruling itself was error. One of the chief objects subserved by a motion for nonsuit is to point out to the court and to opposing counsel the specific oversights and defects in plaintiff's proof of his case; and this in order that, as to the latter, he may supply if possible the specified deficiencies in his proof. (*Coffey* v. *Greenfield,* 62 Cal. 602; *Palmer & Rey* v. *Marysville etc. Publishing Co.,* 90 Cal. 168, [27 Pac. 21].) When the plaintiff in this case, his attention being called to the matter, offered to do this, it was the duty of the court to permit him to supply the missing evidence; and it was error to refuse this privilege to the plaintiff and, after such refusal, to grant a motion for nonsuit. (*Low* v. *Warden,* 70 Cal. 19, [11 Pac. 350].)

But our reasoning upon the merits of this motion for nonsuit carries us back a step further. The plaintiff had presented and read in evidence without objection the minutes of the special meeting of the board of directors of the F. P. Cutting Company, at which a resolution expressly authorizing F. P. Cutting to indorse the commercial paper of the corporation was passed. The correctness of these minutes is not called in question, and it appears therefrom that a quorum of the board was present; it also appears that two members of the board were absent, but whether or not these two absentees had been duly served with notice of the meeting did not appear either in the minutes, or in the proof of plaintiff at the time the motion for nonsuit was made. We do not think it essential that such proof should so appear. While it is true that special meetings of the directors of corporations are not legal unless called and noticed as the by-laws require, or unless these requirements are waived by the members of the board, either expressly or impliedly, by their presence and participation in the meeting, yet it is not incumbent upon a party relying upon the regularity of acts done at such meeting, to show affirmatively that the meeting was in fact called

and noticed in the manner specified in the by-laws. The meeting having been held, and a quorum of the board being present, and having done the act in question, their meeting and action are presumed to be regular and legal in the absence of a showing to the contrary; and it is incumbent upon those who assail the legality of the meeting and of the act in question to show that the meeting was not called and noticed as the by-laws require. (*Granger* v. *Original Empire etc. Co.,* 59 Cal. 678; *Stockton etc. Works* v. *Houser,* 109 Cal. 1, [41 Pac. 809]; *Barrell* v. *Lakeview Land Co.,* 122 Cal. 129, [54 Pac. 594]; *Balfour, Guthrie Co.* v. *Woodworth,* 124 Cal. 169, [56 Pac. 258]; *Robinson* v. *Blood,* 151 Cal. 504, [91 Pac. 258]; *Sargent* v. *Webster,* 13 Metc. (Mass.), 497, [46 Am. Dec. 743].) We think for this reason also the court was in error in granting the motion for nonsuit herein.

The judgment and order denying a new trial are reversed.

Lennon, P. J., and Kerrigan, J., concurred.