PEDRO MARCIAL FRANCESCHI ANTONGIORGI ET AL., Plaintiffs and Appellees v. JOSÉ CLAUDIO ELENA, Defendant and Appellant.

No. 7241.  Argued December 1, 1936.—Decided May 7, 1937.

480

Enrique Báez García for appellant. Luis López de Victoria for appellees.

Mr. Justice Travieso delivered the opinion of the court.

The defendant, the owner of a property of 111 acres (*cuerdas*) wherein the house the object of this action of unlawful detainer at sufferance is located, executed a mortgage in favor of Juan Ortiz Perichi. The latter summarily foreclosed said mortgage, and on January 18, 1933, the property was awarded to him by the marshal of the District Court of Ponce. Subsequently, on January 31, 1934, he sold it to the present plaintiffs, who now seek to disposses the defendant.

The defendant denied all the averments of the complaint, and set up several defenses which the lower court summarized thus:

"That within the boundaries of the property of which the plaintiffs claim to be the owners, there are located certain lands belonging to the defendant, and that as the boundaries thereof have not been marked, said lands have been seized by the plaintiffs.

"That as the plaintiffs occupy the property of the defendant without paying any rent for said occupation, the amount thus left unpaid should be imputed as the rent that the defendant pays to the plaintiffs for occupying the house in litigation.

"That the house in litigation constitutes defendant's homestead, and that the eviction should not be decreed unless the amount of $500 is previously deposited."

The district court rendered judgment for the plaintiff without special imposition of costs. The defendant appealed, and he has assigned the following errors as committed by the trial court:

"1. In sustaining the motion for nonsuit and immediately thereafter giving permission to the plaintiffs to introduce further evidence while the order for nonsuit was still in force.

"2. In denying the second motion for nonsuit.

"3. In not declaring that within the tract of 111 acres which the plaintiffs described in their complaint, there are certain lands belonging to defendant José Claudio.

"4. In not declaring that the plaintiffs withhold lands belonging to the defendant, and that this is equivalent to a compensation for the defendant's use of the house, since the retentions are mutual.

"5. In holding the defense of homestead set up by the defendant to be without merits."

The first two assignments of error can be discussed jointly.

It appears from the record that after the case was submitted by the plaintiffs, the defendant filed a motion for nonsuit on the ground that the house in litigation had not been described in such a manner that it could be identified by the marshal in case the plaintiffs were to have a favorable judgment. In support thereof he cited the case of *Pol* v. *Suau,* 44 P.R.R. 484. The judge stated that "technically, the court thinks that the testimony of the plaintiff did no sufficiently

describe the house, in accordance with the case of *Pol* v. *Suau*, cited by the defendant.'' Then the plaintiffs, before the court ruled on the motion of nonsuit, requested leave to introduce further evidence concerning the description of the house. The defendant objected to the granting of such leave, and the court finally decided the question as follows:

''Judge: It is a question that pertains to the discretion of the court . . . the motion for nonsuit is sustained and also the motion of the plaintiffs requesting leave to introduce further evidence in their case.''

In view of that ruling, Pedro Marcial Franceschi testified again, he having done so previously as the only witness for the plaintiffs. A motion for nonsuit was filed again on the same grounds, but the court overruled it and the defendant proceeded to introduce his evidence.

Section 192 of the Code of Civil Procedure, equivalent to section 581 of the California Code, provides:

''Section 192.—An action may be dismissed or a judgment of non-suit entered in the following cases:

''1.       *       *       *       *       *       *       *

''2.       *       *       *       *       *       *       *

''3.       *       *       *       *       *       *       *

''4.       *       *       *       *       *       *       *

''5. By the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient case upon which to base a judgment. The dismissal mentioned in the first two subdivisions is made by an entry in the secretary's register. Judgment may thereupon be entered accordingly.''

Let us see what has been the construction given by the California courts to the statute of that State:

''One of the chief objects subserved by a motion for nonsuit is to point out to the court and to opposing counsel the specific oversights and defects in plaintiff's proof of his case; and this in order that, as to the latter, he may supply if possible the specified deficiencies in his proof. (Citations.) When the plaintiff in this case, his attention being called to the matter, offered to do this, it was the

duty of the court to permit him to supply the missing evidence; and it was error to refuse this privilege to the plaintiff and, after such refusal, to grant a motion for nonsuit. (*Low* v. *Warden*, 70 Cal. 19, [11 Pac. 350].)" *Sferlazzo* v. *Oliphant*, 24 Cal. A. 81; 140 Pac. 289.

" . . . . a motion for nonsuit should specify the grounds upon which it is made, . . . (so as) to afford an opportunity to correct such defects as admit of correction." (See: *Daley* v. *Russ*, 86 Cal. 114; *Estate of Higgins*, 156 Cal. 257, 260; *Christenson Lbr. Co.* v. *Buckley*, 17 Cal. A. 37; *Williamson* v. *Williamson*, 41 Cal. A. 721; *Lally* v. *Kuster*, 48 Cal. A. 355.

The law leaves it to the discretion of the trial court to grant permissions to correct errors or supply deficiencies in the evidence. It has been so held in the following cases: *Gardiner* v. *Schmaelzte*, 47 Cal. 588; *Abbey Homestead Ass.* v. *Willard*, 48 Cal. 614; *Clavey* v. *Lord*, 87 Cal. 413; *Tuller* v. *Arnold*, 98 Cal. 522; *San Pedro Lumber Co.* v. *Schroeter*, 156 Cal. 158; *Fee* v. *McPhee Co.*, 31 Cal. A. 295.

We agree that the decision of the lower court was not according to the best practice, for if the court thought, in the exercise of its discretion, that it was fair to permit the plaintiffs to introduce further evidence in order to identify more precisely the house the object of the action, it should have granted the permission requested by the plaintiff and should have overruled the motion for nonsuit. What need was there to sustain the motion for nonsuit if immediately thereafter the order was to be left without effect upon reopening the case to allow the introduction of further evidence by the plaintiff? The correct procedure would have been to grant the permission requested by the plaintiffs and to overrule the motion for nonsuit. We think, however, that the error is merely technical and that it could not have prejudiced the appellant in any way. The plaintiffs filed their motion seasonably and should not be prejudiced now by an error in which they had no participation. See: *Estate of Higgins, supra.*

An examination of the record shows that the additional evidence introduced by the plaintiffs clearly established the identity of the house in question. The court *a quo* committed no error in so holding.

■■ From the evidence of both parties, no conflict of titles arises with respect to the house to which plaintiffs claim possession. The latter proved their title by presenting the marshal's deed and all the other documents necessary to record the property, which was actually recorded in the name of said plaintiffs. The evidence introduced by the defendant does not establish a title in his favor over the property of which he claims to be the owner. At most it only shows that Claudio is the owner of certain lands lying to the west of plaintiff's property, but it does not definitely establish what those lands are. The evidence introduced by the defendant is clearly insufficient to overcome the possessory action brought by the plaintiffs. The court did not commit the third error assigned. *Lafontaine et al.* v. *Lafontaine et al.*, 30 P.R.R. 184; *Marrero* v. *Plumey*, 35 P.R.R. 930.

The fourth assignment of error must follow the same fate as the third one, for like reasons, and also because even conceding that the plaintiffs were withholding lands that belonged to the defendant, the theory of the appellant would still be untenable. The evidence does not show the slightest trace of a quasi-contract, and still less of a contract, existing between the defendant and the plaintiffs which might give rise to the reciprocal relationship of debtor and creditor, an indispensable requisite for compensation.

■■ In our opinion the lower court erred in overruling the defense of homestead exemption set up by the defendant.

From the evidence introduced it appears that during the pendency and prosecution of the summary mortgage foreclosure proceedings instituted by Juan Ortiz Perichi against José Claudio Elena, the latter sold the mortgaged property to Pedro Claudio Cruz by a deed dated July 15, 1933, which

was recorded in the registry of property; that when the deed of judicial sale of July 18, 1933, executed by the marshal in favor of the foreclosing creditor Juan Ortiz Perichi, was presented for record, the registrar refused to record the same on the ground that the proceedings had been followed against José Claudio Elena, the present defendant, and not against Pedro Claudio Cruz, who was the owner of the mortgaged property according to the registry and who purchased it without notice from the registry of an existing attachment or of the pendency of an action; and that the said deed was recorded subsequently in accordance with a decision rendered by the Supreme Court in the case of *Ortiz* v. *Registrar,* 45 P.R.R. 767. It also appears as proved that the defendant, José Claudio Elena, has continued in the possession of the house the object of the unlawful detainer proceeding after he had sold it to his son Pedro Claudio Cruz, and after the property had been sold and awarded in the foreclosure proceeding. Among the documents introduced in evidence we do not find the deed of sale executed by José Claudio Elena in favor of Pedro Claudio Cruz. And the plaintiffs have introduced no evidence tending to show that the vendor expressly waived his right of homestead.

The "Act to define homestead and to exempt it from forced sale," approved on March 12, 1903 (Comp. Stat. 1911, sec. 1000 *et seq.*), and which was in force on the date that the plaintiffs purchased the property from Ortiz Perichi, is the statute which controls the determination of the rights of the litigants herein. Said act provides:

"Section 3.—That no release, waver (waiver) or conveyance of an estate so exempted shall be valid unless so expressly provided in the instrument of conveyance by such householder his or her wife or husband, if he or she have one, or unless possession is obtained or given up pursuant to the conveyance, or without the orders of the district court directing the release thereof whenever the exemption is continued to a child or children."

Construing the section above transcribed, this Supreme Court in the case of *Pagán* v. *Padín,* 45 P.R.R. 168, speaking through Mr. Justice Córdova Dávila said:

"Section 3 of the Act to define homestead and to exempt it from forced sale, provides that no release, waiver or conveyance of an estate so exempted shall be valid unless so expressly provided in the instrument of conveyance by such householder, etc. The wording of the statute clearly reveals its purpose. When a property is conveyed, the homestead right of the owner is not waived unless the waiver of such right is expressly provided in the instrument of conveyance. . . . The term 'conveyance' means a transfer in writing of a property or title to real property from one person to another."

In the case of *Veve* v. *Keith,* 49 P.R.R. 178, this Supreme Court held that the right to claim homestead arises from the moment that the sale in execution of the judgment is decreed.

In the decision rendered in Administrative Appeal No. 982, *Rodríguez* v. *Registrar* (*ante*, page 360), this Supreme Court expressed itself as follows:

"The fact that the right of homestead is unrenounceable does not mean that after created and actually existing it may not, when it is to the benefit of the person owning the right, be sold, exchanged or be subject to other possible incidents of ownership."

And then by way of a dictum, we added:

"When a person has the total ownership of a piece of property and sells it, intending therewith to alienate or dispose of his entire title and interest, the right of homestead becomes necessarily merged in the greater right of ownership."

We must state, in order to avoid a broader interpretation of said dictum than the one we had in mind, that what we meant to say was that the owner of a homestead right may sell, barter, or encumber it, provided he expressly so declares in the corresponding deed or document; and that the right of homestead is also conveyed to the purchaser of realty where the vendor, by the terms of the contract, sells, assigns, and conveys all his right, title, and interest in the realty, and

delivers the material possession thereof to the vendee, without making an express reservation of his homestead right.

Inasmuch as the plaintiffs have not proved that the defendant José Claudio Elena expressly waived his homestead right in the house the object of the unlawful detainer proceeding, and as it has been proved that said defendant continued to be and still is in possession of the property, we must hold, in accordance with the decisions cited, that the said defendant has a homestead right in the house in question, and that his right to claim it arose from the moment that the sale of the property was ordered as a result of the foreclosure of the mortgage in favor of Juan Ortiz Perichi. Said right can not be nullified by reason of the conveyance of the property executed by Juan Ortiz Perichi in favor of the plaintiffs. When the latter purchased the property, the defendant, who was the previous owner thereof, was, together with his family, in possession of the house; which fact could not be ignored by the plaintiffs, and which was in itself sufficient to give them notice and to put them upon inquiry as to whether he occupied the property under a lease or as an owner of the homestead right.

In the case of *Arzuaga* v. *Ramírez*, 50 P.R.R. 102, this Supreme Court held that an action of unlawful detainer is premature when it is filed before the plaintiff has paid or deposited in court the amount of the homestead right claimed. In accordance with that decision, we should reverse the judgment appealed from on the ground that the complaint was filed prematurely. However, the appellant does not request its reversal and merely prays for a modification of the judgment of the district court, so as to hold that the appellant has a homestead right in the house in question, or, otherwise, that he must receive $500 as a condition precedent to the eviction sought.

Considering that the prayer of the defendant-appellant is compatible with the decision in the case of *Arzuaga* v. *Ra-*

*mírez, supra,* and that it is acceptable because it puts an end to the controversy between the parties, the judgment appealed from is modified in the sense that the defendant-appellant is acknowledged to have a right of homestead in the house that he and his family occupy in the plaintiff's property, and the dispossession sought shall be decreed upon payment by the plaintiffs to the defendant of the sum of $500, in satisfaction of his homestead right. And as thus modified, the judgment appealed from will be affirmed.

Mr. Justice Wolf concurs in the result.

Mr. Chief Justice del Toro took no part in the decision of this case.