[Civ. No. 42434. Second Dist., Div. Two. May 20, 1974.]

BARBARA CACCIAGUIDI, Plaintiff and Appellant, v.
WILLIAM ELLIOTT et al., Defendants and Respondents.

**COUNSEL**

Ronald L. M. Goldman for Plaintiff and Appellant.

Murchison, Cumming, Baker & Velpmen, Michael D. McEvoy and Benjamin George Williams, Clausen, Gilliland & Fernandes and Richard M. Gilliland for Defendants and Respondents.

**OPINION**

**ROTH, P. J.**—Appellant, Barbara Cacciaguidi (Barbara), appeals from a judgment of nonsuit in favor of respondents Elliott Janitorial Service, Inc. (Elliott) and Theodore Van Alen, individually and doing business as Cleansweep Co. (Cleansweep).

On December 20, 1969, Barbara, an employee of Calmar, Inc. (Calmar), suffered personal injuries as a consequence of a slip and fall on a substance she variously described as "a greasy, grimy, gooey grime . . . grease and muck," in the parking lot maintained by Calmar for its employees as she walked in a sprinkling rain from her parked car to the Calmar factory.

She filed this action against respondents predicated upon the negligent failure of respondents to fulfill an alleged duty respondents had assumed in a contract between themselves and her employer Calmar.

Calmar is not joined as a party defendant for the obvious reason that Barbara's right to relief against Calmar is embraced within her right to workmen's compensation.

■ When a judgment of nonsuit is under review it is settled that this court must: accept plaintiff's evidence; indulge in plaintiff's favor every legitimate inference that may be drawn therefrom; and disregard conflicting evidence. (*Connor* v. *Great Western Sav. & Loan Assn.* (1968) 69 Cal. 2d 850, 857 [73 Cal.Rptr. 369, 447 P.2d 609, 39 A.L.R.3d 224]; *Raber* v. *Tumin* (1951) 36 Cal.2d 654, 656 [226 P.2d 574]; *Blumberg* v. *M. & T. Incorporated* (1949) 34 Cal.2d 226, 229 [209 P.2d 1].) Plaintiff, citing *Hartford Acc. & Indem. Co.* v. *Bank of America* (1963) 220 Cal.App.2d 545, 547 [34 Cal.Rptr. 23], seeks to embrace within the settled rule evidence which might have been admitted if the trial had continued and the motion for nonsuit had been denied. *Hartford Acc. & Indem. Co.* v. *Bank of America, supra,* is not applicable. In *Hartford* a nonsuit was granted at

the close of an opening statement; at bench the order of nonsuit followed the presentation of all of plaintiff's evidence and no offer of additional relevant evidence was made.

Respondents' motion for a nonsuit was based on the following: (1) no duty to sweep up grease; (2) no showing that respondents had knowledge of the dangerous condition; and (3) Barbara was contributorily negligent as a matter of law. The nonsuit was granted on the first two grounds.

 Actionable negligence involves the breach of a legal duty on the part of respondents to Barbara. *(United States Liab. Ins. Co.* v. *Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 594 [83 Cal.Rptr. 418, 463 P.2d 770]; *Means* v. *Southern California Ry. Co.* (1904) 144 Cal. 473, 478 [77 P. 1001].) Any duty owed by respondents to Barbara stems from the contract between Calmar, her employer, and respondents. The only pertinent provision therein was: "PARKING LOT AND RECEIVING AREA. The black top to be swept once a week, or more often if needed, with industrial sweeper, which will be kept in the storage area provided by Calmar for us."

There was testimony, which we accept as true, that sweeping the greasy spots would have made the spots less slippery.

Respondents assert that their duty under the contract was simply to sweep the lot once a week and they assert this duty was fulfilled in all contractual respects. Barbara, however, claims that the contract required defendants to sweep the greasy spots in the parking lot and argues that chemical compounds should have been used on the greasy spots to clean them up.

 The interpretation of a written instrument is solely a judicial function unless the interpretation turns upon the credibility of extrinsic evidence. "Extrinsic evidence is 'admissible to interpret the instrument, but not to give it a meaning to which it is not reasonably susceptible.'" *(Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839]; see also *Estate of Dodge* (1971) 6 Cal.3d 311, 318 [98 Cal.Rptr. 801, 491 P.2d 385]; *Michigan Nat. Bank* v. *Hardman Aerospace* (1973) 36 Cal.App.3d 196, 204-205 [111 Cal.Rptr. 514].) There is no evidence that the contract required the use of compounds. It is also clear that an "industrial sweeper" was to be used. The industrial sweeper was designed to pick up dirt and paper and was not designed to pick up oil or grease. The only evidence before the court indicates that the contract required only the removal of dirt and paper. There is no evidence that the contract required greasy, grimy, gooey grime or grease and muck to be picked up.

In determining what the parties intended sweeping to mean, ". . . we

are not to determine what the words used by the parties may mean to us but if possible to ascertain what those words meant to the parties." (*Crestview Cemetery Assn.* v. *Dieden* (1960) 54 Cal.2d 744, 751 [8 Cal.Rptr. 427, 356 P.2d 171].) " ' "The acts of the parties under the contract afford one of the most reliable means of arriving at their intention . . . ." ' " (*Reid* v. *Overland Machined Products* (1961) 55 Cal.2d 203, 210 [10 Cal. Rptr. 819, 359 P.2d 251]; *Crestview Cemetery Assn.* v. *Dieden, supra,* at p. 753). The conduct of the parties fortifies the trial court's interpretation. The evidence is uncontradicted that Calmar did not complain of the manner in which the contract was performed or about the practice of respondents in avoiding the grease spots, nor is there any evidence that the contracting parties intended more than what was actually performed; or that they differed in their interpretation of the contract. The evidence, to the contrary, shows that the contracting parties were satisfied with the performance of each other.

■ Barbara also contends that the trial court improperly sustained objections to certain testimony and improperly refused to reopen the case for additional testimony. In each situation there was an attempt to show the accepted meaning of "to sweep" in the industry.

Barbara questioned respondent Van Alen on redirect examination under Evidence Code section 776 concerning his "understanding" of what people generally intended sweeping to mean. Objections to the questions as irrelevant and calling for a conclusion were sustained. We find no error. When the evidence is uncontradicted as to the intent of the contracting parties, the understanding of people in general is not relevant. The generally accepted meaning of sweeping becomes relevant only if the original parties are in dispute. There is no evidence of such a dispute. Further, respondent Van Alen had not been qualified as an expert under Evidence Code section 720 and therefore could not properly give such testimony.

■ Barbara argues that the court erred when it refused her request to reopen the case to put on expert testimony as to the meaning of sweeping. In support of her position, plaintiff cites *Sferlazzo* v. *Oliphant* (1914) 24 Cal.App. 81, 86 [140 P. 289], which states that a major purpose served by a motion for nonsuit is to point out defects in plaintiff's case so that plaintiff may correct the deficiency. A more recent case citing the *Sferlazzo* rule, however, has held that an appellant seeking a reversal must show prejudicial error. (*Charles C. Chapman Building Co.* v. *California Mart* (1969) 2 Cal.App.3d 846, 858-859 [82 Cal.Rptr. 830].) The weakness at bench is not the lack of expert testimony, assuming it would be favorable, but rather an absence of testimony showing that the original contracting

parties intended more than what was actually performed. There was no error in the court's ruling, prejudicial or otherwise.

The judgment is affirmed

Compton, J., and Beach, J., concurred.