Filed 3/27/13  Colgan v. Howell CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| SEAN C. COLGAN, | D059980 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2009-00061332-CU-PO-CTL) |
| JOSEPH A. HOWELL, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, William S. Dato, Judge.  Affirmed.

This legal malpractice action arises out of defendant Joseph A. Howell's representation of plaintiff Sean C. Colgan.  In his complaint, Colgan, acting in propria persona, asserted that Howell committed two acts of professional negligence:  (1) an alleged premature settlement of his personal injury claim, and (2) the omission of a witness (Yolanda Chavez) from a witness list for the trial in his workers' compensation case.

At trial, following Colgan's opening statement, the court granted Howell's motion for nonsuit on the basis that Colgan could not prove the elements of his cause of action for professional negligence because he had no expert testimony.

On appeal, Colgan, again acting in propria person, asserts the court erred in granting the nonsuit motion because (1) the court ruled "too early" on the motion; (2) the court misapplied relevant case law; and (3) the court "failed to consider the timing of its last minute notice and the effect it had." We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Colgan's Claims of Alleged Professional Negligence*

As we have stated, *ante*, this action for professional negligence arises out of Howell's representation of Colgan in connection with two matters: a third party claim and a workers' compensation claim, both of which arose out of a motor vehicle accident in which Colgan was injured while on business on behalf of his employer. The third-party claim settled for $100,000 policy limits. Thereafter, the workers' compensation carrier asserted a credit against that settlement in the amount of $47,476.49, which represented Colgan's settlement proceeds from the workers' compensation proceeding. Colgan asserted in the underlying workers' compensation action that the employer was not entitled to a credit as the accident and his injuries were the result of employer negligence because the seat in the employer's van he was driving at the time of the rear-end collision was defective and was a proximate cause of his injuries.

2

1. *Alleged premature settlement of third party claim*

Colgan claims that Howell was negligent by settling the third party claim prematurely in November 2005 and should have waited to file just before the two-year statute of limitations expired in November 2006. Colgan contends that as a result of the premature settlement of the third party claim, the workers' compensation carrier asserted a credit and delayed his treatment. Colgan asserts that had Howell waited to settle the claim just short of expiration of the two-year limitations period (1) he would have had his shoulder surgery before November 12, 2006; (2) the "pinched nerve" he suffered from at the time of trial, which arose after his shoulder surgery in 2008, would have appeared and been resolved by November 12, 2006; (3) he would have been fully recovered from his workers' compensation injuries by November 12, 2006; and (4) having reached full recovery, he would have been released back to work by the time the two-year statute ran on November 12, 2006, on the third party claim.

2. *Omission of witness Chavez from witness list for workers' compensation trial on credit issue*

Colgan claims that as a result of Howell's omission of Yolanda Chavez, the office manager for his employer, from the witness list for the trial on the employer credit issue, he was forced to enter into an unfavorable settlement on the credit issue. Colgan asserts that but for this omission he would have prevailed because she would have testified that his employer knew about the defects in the employer's van he was driving.

B. *Colgan's Opening Statement at Trial*

When he appeared at trial, in propria persona, Colgan's gave an opening statement that consisted of the following: "Basically, the evidence is going to show that I was injured on the job and that while the medical care may have been complex, as far as surgeries and such, the actual course of treatment, what needed to be done and getting it done should have been fairly simple and would have been fairly simple, if not for the malpractice of my counsel at the time, Joe Howell. [¶] I'm going to be introducing various letters, emails, testimony to show that this is so."[1]

C. *Colgan's Trial Brief*

Colgan's trial brief addressed his claim regarding Howell's alleged failure to list witness Chavez, but failed to discuss or reference the alleged premature settlement of the third party claim. Colgan also admitted he needed a biomechanical engineer to demonstrate the defect in the vehicle and that such deficiencies were the primary cause of his injury.

According to Colgan, Howell was negligent in failing to put Colgan's employer's office manager, Chavez, on the witness list. According to Colgan, Chavez was a crucial witness against his employer because she was going to testify that the employer knew about the defects in the work van. Without the testimony of this witness, Colgan

---

[1]     On December 19, 2011, Howell filed a motion to augment to include the April 6, 2011 reporter's transcript because Colgan did not designate it as part of the record. On January 4, 2012, we granted the motion.

4

asserted, he had no chance of proving his claim against the employer. Therefore, he had to accept an inadequate settlement.

D. *Motion for Nonsuit*

Following Colgan's opening statement, Howell made a motion for nonsuit, asserting, among other grounds, that Colgan could not prove the elements of his claim for professional negligence because he had no expert testimony on the issues of the standard of care, breach of the standard of care, and his damages.

At no time during the hearing did Colgan make a motion to enlarge his opening statement, reopen the case, or seek leave to designate an expert witness. Colgan further did not make a request that he be able to respond to the motion in writing.

The court granted Howell's motion for nonsuit. The court ruled that Colgan was unable to introduce evidence sufficient to establish a prima facie case for professional negligence because he lacked any expert testimony on the standard of care, breach of the standard of care, expert medical testimony concerning his injuries, and the cause of his damages.

## DISCUSSION

### I. *STANDARD OF REVIEW*

We review a grant of a motion for nonsuit de novo. (*Curtis v. Santa Clara Valley Medical Center* (2003) 110 Cal.App.4th 796, 800 [affirming grant of nonsuit where plaintiff in medical malpractice action sought to proceed without the presentation of expert testimony]; *Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC* (2010) 185 Cal.App.4th 1050, 1060.)

5

## II. *ANALYSIS*

### A. *Waiver*

California Rules of Court, rule 8.204(a)(1)(C) provides in part that appellate briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  "If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived."  (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

Here, Colgan's opening brief lacks any citation to the record below.  Accordingly, he has waived the right to claim the court erred in granting Howell's motion for nonsuit.  Furthermore, were we to reach the merits of Colgan's claims of error, we would conclude they are unavailing.

### B. *Merits*

#### 1. *Timing of court's ruling*

Colgan asserts that the court "ruled too early" on the motion for nonsuit.  This contention is unavailing.

A defendant may bring a motion for nonsuit after the plaintiff has completed his or her opening statement.  (Cal. Code of Civ. Proc., § 581c, subd. (a); *Lingenfelter v. County of Fresno* (2007) 154 Cal.App.4th 198, 207.)  Thus, the court did not grant Howell's motion for nonsuit "too early" as Colgan admittedly did not have any expert witnesses and did not seek leave to designate one, request a continuance, or reopen his case.

6

Colgan's reliance on *Pete v. Henderson* (1954) 124 Cal.App.2d 487 also does not assist our analysis. The Court of Appeal in *Pete* held that in ruling on a motion for nonsuit the court had the discretion to grant relief to a party acting in propria persona to amend his complaint to properly state a claim and to reopen his case. (*Id.* at p. 491.) Here, however, as noted, *ante*, Colgan did not seek relief to designate an expert or reopen his case.

2. *Requirement of expert testimony*

Colgan asserts that the court "misapplied relevant case law" because "there is no case that absolutely requires the presentation of expert testimony to show a breach of the Standard of Care required of a lawyer." We reject this contention.

The elements of a cause of action for professional negligence are: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." (*Budd v. Nixen* (1971) 6 Cal.3d 195, 200.) "[A]bsence of, or failure to prove, any of them is fatal to recovery." (*Nichols v. Keller* (1993) 15 Cal.App.4th 1672, 1682.)

In most cases, expert testimony is required to establish an attorney's standard of care and whether he or she breached the standard of care. (*Wright v. Williams* (1975) 47 Cal.App.3d 802, 810; *Wilkinson v. Rives* (1981) 116 Cal.App.3d 641, 647.) Expert testimony is not required, however, when "the failure of attorney performance is so clear that a trier of fact may find professional negligence unassisted by expert testimony."

7

(*Wilkinson v. Rives, supra,* at pp. 647-648.)  "In other words, if the attorney's negligence is readily apparent from the facts of the case, then the testimony of an expert may not be necessary."  (*Goebel v. Lauderdale* (1989) 214 Cal.App.3d 1502, 1508.)

Here, the narrow exception to the requirement of expert testimony in professional negligence cases does not apply.  The alleged malpractice consisted of strategic decisions made by Howell in pursuing Colgan's third party and workers' compensation claims.  Expert testimony was required because the legal consequences of what impact resolution of one has on the other were not within the common knowledge of laymen.

"Frequently an attorney is confronted with legitimate but competing considerations, and we have recently recognized a latitude granted the attorney engaged in litigation in choosing between alternative tactical strategies."  (*Kirsch v. Duryea* (1978) 21 Cal.3d 303, 309.)  Expert testimony is required where an attorney is accused of malpractice based upon tactical trial strategies.  (*Lipscomb v. Krause* (1978) 87 Cal.App.3d 970, 976, *Wright v. Williams, supra,* 47 Cal.App.3d at p. 810; *Kirsch v. Duryea, supra,* 21 Cal.3d at p. 311 [expert testimony required regarding reasonableness of investigation done by attorney].)

In support of his assertion that expert testimony was not required in this case, Colgan relies upon *Day v. Rosenthal* (1985) 170 Cal.App.3d 1125.  However, *Day* does not support Colgan's position.  *Day* was a case involving attorney misconduct that involved numerous "blatant and egregious violations of attorney responsibility."  (*Id.* at p. 1147.)  The conduct in *Day* involved multiple violations of the California State Bar Rules of Professional Conduct, conflicts of interest, and commingling of client funds.  As the

8

Court of Appeal noted, the attorney there "trampled on basic attorney obligations: he abandoned the [clients'] best interest in deference to his own; he failed truthfully to disclose potential and actual conflicts of interests . . . ." (*Day*, at p. 1147.) As the Court of Appeal stated, "[t]he litany could go on, almost without end. And each phrase would add to the mountain of evidence that [the attorney] violated rules 4 and 5 [of the California State Bar Rules of Professional Conduct]." (*Day*, at p. 1148.) The Court of Appeal concluded that "[t]he standards governing an attorney's ethical duties are conclusively established by the [California State Bar] Rules of Professional Conduct. They *cannot* be changed by expert testimony." (*Day,* at p. 1147.) In that case, based upon the egregious actions of the attorney, the Court of Appeal held that "[i]t required no expert to tell the trial court that [the attorney's] perverted sense of duty to his clients . . . is attorney negligence." (*Id.* at p. 1146.)

This case does not involve conduct that involved violations of an attorney's ethical duties as set forth in the State Bar Rules of Professional Conduct, thereby obviating the need for expert testimony. Therefore, *Day* is inapplicable.

3. *Last Minute Notice*

Colgan's claims that the court failed to consider the timing of its "last minute notice" and the effect it had on his presentation of his case. This contention is unavailing.

First, there is nothing in the trial court record to substantiate Colgan's assertion that the decision to grant nonsuit in favor of Howell was made during "an ex parte meeting initiated by [Howell]."

9

Colgan asserts that he suffers from severe insomnia, and therefore the "'bombshell' didn't help [him] make a coherent presentation." There is also nothing in the record to support this assertion, or that Colgan advised the court that he was unable to make a "coherent presentation." Rather, the motion for nonsuit was granted because Colgan had no expert testimony necessary to prove the elements of his claim of professional negligence.

DISPOSITION

The judgment is affirmed. Howell shall recover his costs on appeal.


NARES, J.

WE CONCUR:


BENKE, Acting P. J.


McINTYRE, J.

10