[Civ. No. 17429.   First Dist., Div. One.   Dec. 6, 1957.]

LOUIS PETE, JR., as Administrator, etc., Appellant, v. ANNIE S. HENDERSON, as Administratrix, etc., Respondent.

Louis Pete, Jr., in pro per., for Appellant.

Vaughns, Dixon & White and Vaughns & Dixon for Respondent.

WOOD (Fred B.), J.—Upon the first appeal herein the judgment was reversed with directions that plaintiff "be given the opportunity to amend his complaint, and to prove, if he can, that, had the judgment in the first action properly been appealed, it would have been reversed." (*Pete* v. *Henderson*, 124 Cal.App.2d 487, 492 [269 P.2d 78], to which we refer for the antecedent history of this case.)

Plaintiff did so amend and the cause was retried, resulting in a judgment of $150 for attorney fees which plaintiff had advanced to defendant's predecessor to take an appeal in a former action (*Alderson* v. *Pete, Superior Court, Alameda County, Civ. No. 213874*) but no reimbursement for moneys which had been paid by plaintiff in satisfaction of the judgment ($1,660) rendered in the former action. The denial of any such reimbursement was predicated upon findings that although the attorney-defendant was negligent (the notice of appeal was filed too late) the judgment would not have been reversed even if the appeal had been perfected in time and thereafter prosecuted with care and caution.

In support of his appeal herein* plaintiff urges (1) insufficiency of the evidence to support the findings in the Alderson suit, (2) error in excluding evidence of rescission of the Pete-Alderson contract, and (3) error in disregarding plaintiff's claim that plaintiff could have settled the Alderson $1,660 judgment for $705 but for his attorney's assurance that it would be reversed upon appeal.

The judgment in the Alderson case awarded damages in favor of Minnie Alderson against Louis Pete, Jr., as administrator of the estate of Louis Pete, Sr., for breach of a contract between Alderson and Louis Pete, Sr.

The contract, as found by the trial court in that case was as follows: Alderson promised to erect and pay for an additional room at the rear of a house belonging to Louis Pete, Sr., at a cost of not less than $900; Pete agreed to let Alderson occupy the room for the rest of her life at a monthly rental of $24, the rental to be charged first against the actual cost of constructing the room, and thereafter to be paid monthly in cash; Alderson constructed the room at a cost of $945.69 and commenced to occupy it about May 11, 1947; about March 7, 1948, Pete wrongfully evicted Alderson from the room; the reasonable rental value of the room is $30 per month; Alderson at the time of eviction was 49 years old and had a life expectancy of 22 years; and Alderson was damaged in the sum of $1,660.87, plus $19.95, the value of a rug of Alderson's which Pete retained in his possession.

The evidence supports these findings. On some points there is a conflict in the testimony, one which the trial judge, who saw and heard the witnesses, resolved in favor of Alderson.

Plaintiff contends that the contract was illegal (that it embraced a meretricious relationship) and claims error in the failure of the trial court to find on that issue. The pleadings did not specifically present such an issue. Nor did the evidence establish the existence of such a relationship between the parties, at least none that had such a connection with this contract as would necessarily infect the contract with illegality. It did appear that Mrs. Alderson came from Oklahoma City to Oakland at the invitation of Mr. Pete, Sr., and that he paid her fare and that she lived in his house three or four months. It does not appear that such relationship had

---

*Plaintiff gave notice of appeal from the judgment, from an order denying his motion for new trial, and from an order denying motion to set aside submission and reopen the case for further evidence. These are nonappealable orders but may be reviewed upon the appeal from the judgment.

any connection with the contract for the construction and occupancy by her of a room at the rear of his house. More must be shown. It must appear that the meretricious acts themselves constituted a part of the consideration for the contract. (*Trutalli* v. *Meraviglia,* 215 Cal. 698, 701-702 [12 P.2d 430]; *Hill* v. *Estate of Westbrook,* 95 Cal.App.2d 599, 602 [213 P.2d 727]; *Garcia* v. *Venegas,* 106 Cal.App.2d 364, 368-369 [235 P.2d 89].)

To the extent, if at all, that the asserted grounds for rescission are predicated upon the fact that after the room was constructed Mrs. Alderson allowed a Mr. Anthony Stewart to occupy it with her, evidence of a rescission seems wanting. There is evidence that Mr. Pete, Sr., did not object to Stewart living in Mrs. Alderson's room. The two men were friendly at first and for several weeks; also, Pete, Sr., collected $20 a week from Mrs. Alderson in respect to Stewart's occupancy. Even if after a while Pete, Sr., became dissatisfied with Stewart and did not want him around, that would not furnish a legal basis for the eviction of Mrs. Alderson. She had a life estate in the room. Moreover, Stewart moved away prior to the eviction.

Plaintiff questions also the sufficiency of the proof of damages. There was evidence that rooms of like size were renting at $6.00 to $9.00 a week. That supports the finding this this room has a rental value of $30 a month. We have found no error in the trial court's use of the mortality tables in determining the period of Mrs. Alderson's life expectancy and in applying it to the elements of damage in this case; nor has plaintiff brought any such error to our attention.

Plaintiff urges that it was error for the trial court in the instant action to exclude evidence tending to show that the Alderson-Pete contract was rescinded prior to the time that Mrs. Alderson filed her complaint. Plaintiff's theory in this regard seems to be that Attorney Henderson negligently handled the Alderson case. Such a contention is wholly outside the issues in the instant case. Plaintiff amended his complaint herein to allege negligence only in the taking of the appeal, not in the conduct of Pete, Sr.'s defense prior to judgment. Plaintiff did not ask permission to amend so as to plead this new cause of action. Moreover, at the time of the second trial, the statute of limitations had run against such a claim. The Alderson-Pete trial took place between February 16 and March 2, 1950; the second trial herein,

between February 3 and April 3, 1956. We find no error in the challenged exclusion of evidence.

■ For like reasons it was not error to deny plaintiff's motion to vacate the submission of the instant case and reopen it for the taking of evidence of rescission and of illegality.

Plaintiff alludes to a proposed compromise settlement with Alderson, a settlement which Mr. Pete, Sr., rejected upon advice of his counsel, the attorney whom he later sued. But plaintiff never pleaded any such cause of action against the attorney. Even if he had amended during the second trial (six years after the Alderson-Pete trial) he would have been met by the statute of limitations which had already run against any such claim.

Plaintiff predicates error also upon the fact that findings prepared by him, directly contrary to those the court had announced it would sign, were not included in the clerk's transcript upon this appeal. Inclusion of the proposed unsigned findings would not change the result upon this appeal. They seem quite immaterial to the present inquiry.

We conclude that there is no basis for reversal of the trial court's finding herein that the Alderson judgment would not have been reversed if a timely appeal had been taken from it and thereafter prosecuted with care and caution.

The judgment is affirmed and the appeals from the orders are dismissed.

Peters, P. J., and Bray, J., concurred.