[No. A068098. First Dist., Div. Five. Apr. 11, 1995.]

PH II, INC., Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
WILLIAM C. IBERSHOF et al., Real Parties in Interest.

## COUNSEL

Coudert Brothers, Robert A. Christopher and Adam R. Bernstein for Petitioner.

No appearance for Respondent.

Ibershof & Dole and Stuart R. Dole for Real Parties in Interest.

## OPINION

**THE COURT.**[1]—Petitioner PH II, Inc., seeks a writ of mandate to compel respondent superior court to set aside its order sustaining a demurrer to portions of two causes of action. We do not reach the merits but resolve this matter on a procedural issue after supplemental briefing by the parties. We affirm the rule that a party may not demur to a portion of a cause of action (*Grieves* v. *Superior Court* (1984) 157 Cal.App.3d 159, 163 [203 Cal.Rptr. 556] (*Grieves*)), but suggest that in appropriate circumstances a substantive defect which appears on the face of a complaint, but involves only a portion of a cause of action, may be the subject of a motion to strike.

Petitioner's first amended complaint sets forth eight causes of action against numerous defendants, including two related causes of action for legal malpractice and breach of contract against real parties William C. Ibershof and his two law partnerships. The two Ibershof causes of action are based on the same set of facts and allege several distinct incidents of alleged malpractice. Real parties demurred to one identical portion of the two causes of action, which involved a single incident of alleged malpractice—Ibershof's alleged dismissal of an accounting malpractice claim against the firm of Tanner, Mainstain & Hoffer (hereafter the Hoffer claim) without petitioner's consent.

---

[1]Before Peterson, P. J., King, J., and Haning, J.

The allegations of the complaint concede that the Hoffer claim was unmeritorious due to the Supreme Court's then recent decision holding there is no third party liability for accounting malpractice. (*Bily* v. *Arthur Young & Co.* (1992) 3 Cal.4th 370 [11 Cal.Rptr.2d 51, 834 P.2d 745].) Nevertheless, petitioner's complaint alleges that Ibershof was still liable to petitioner for attorney fees paid for the "aborted prosecution and unauthorized dismissal" of the Hoffer claim, and for expenses incurred by petitioner in investigating the dismissal and attempting to "revive" the Hoffer claim.

Respondent superior court sustained Ibershof's demurrer to the Hoffer claim portions of the two causes of action, without leave to amend, on the ground that failure to pursue a worthless claim is not actionable malpractice. Petitioner seeks review of this ruling.

■ Petitioner argues that although there is no malpractice liability for the loss of a worthless claim, there may be damages awardable which are proximately caused by attorney negligence, e.g., the client's payments to the attorney or other expenses for maintaining the ultimately worthless claim. Petitioner relies on *Pete* v. *Henderson* (1954) 124 Cal.App.2d 487 [269 P.2d 78, 45 AL.R.2d 58], questioned on another, unrelated ground in *Rappleyea* v. *Campbell* (1994) 8 Cal.4th 975, 985 [35 Cal.Rptr.2d 669, 884 P.2d 126] (subsequent opn. *Pete* v. *Henderson* (1957) 155 Cal.App.2d 772 [318 P.2d 720]). In *Pete*, an attorney negligently failed to file a timely notice of appeal from a $1,660 judgment against his client. The attorney was not held liable for the amount of the judgment, because the appeal lacked merit and the judgment would have been affirmed; however, the $150 paid to the attorney to file a timely appeal was held to be a proper item of damages awardable to the client. (*Id.* at pp. 773, 776; see also *Quezada* v. *Hart* (1977) 67 Cal.App.3d 754 [136 Cal.Rptr. 815].)

However, we do not reach the merits of the petition because Ibershof's demurrer was not procedurally proper. A demurrer does not lie to a portion of a cause of action. (*Grieves, supra,* 157 Cal.App.3d at p. 163; 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 907, pp. 345-346.) Thus, Ibershof could not properly demur to the Hoffer claim portion of the causes of action, and the trial court could not properly sustain the demurrer as to only that portion.

We recognize that in some cases a portion of a cause of action will be substantively defective on the face of the complaint. Although a defendant may not demur to that portion, in such cases, the defendant should not have to suffer discovery and navigate the often dense thicket of proceedings in summary adjudication. We conclude that when a substantive defect is clear

from the face of a complaint, such as a violation of the applicable statute of limitations or a purported claim of right which is legally invalid, a defendant may attack that portion of the cause of action by filing a motion to strike. (2 Civil Procedure Before Trial (Cont.Ed.Bar 1994) § 31.2, pp. 31-3 to 31-4.) The motion to strike is widely used to challenge portions of causes of action seeking punitive damages. (See, e.g., *Grieves, supra*, 157 Cal.App.3d at p. 164.) Its use has also been approved in a case where the face of the complaint failed to state facts showing a primary right of the plaintiff and a primary duty of, or wrong committed by, the defendant. (*Lodi* v. *Lodi* (1985) 173 Cal.App.3d 628, 631 [219 Cal.Rptr. 116].)

We emphasize that such use of the motion to strike should be cautious and sparing. We have no intention of creating a procedural "line item veto" for the civil defendant. However, properly used and in the appropriate case, a motion to strike may lie for purposes discussed in this opinion.

Because a demurrer was unavailable to Ibershof to challenge the Hoffer claim portion of the causes of action, a writ must issue to set aside the superior court's ruling. We afforded Ibershof the opportunity to file a supplemental brief on the availability of a demurrer, and he has failed to persuade us to the contrary. Having allowed for supplemental briefing and having warned the parties we might proceed by issuing a peremptory writ in the first instance (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893]), and because the right to relief is clear under existing law and no purpose would be served by plenary consideration of this matter by issuance of an alternative writ and oral argument (*Ng* v. *Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961]), we issue the peremptory writ of mandate.

Let a peremptory writ of mandate issue commanding respondent superior court to vacate its order sustaining the demurrer to a portion of the two causes of action, and to enter a new and different order overruling the demurrer. To prevent any further delay of the proceedings below, this opinion is final forthwith as to this court. (Cal. Rules of Court, rule 24(d).)