Filed 12/26/23  Peppertree Villages v. Lounsbery Ferguson Altona & Peak CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| PEPPERTREE VILLAGES 9 & 10, LLC et al.,<br><br>        Plaintiffs and Appellants,<br><br>        v.<br><br>LOUNSBERY FERGUSON ALTONA & PEAK, LLP,<br><br>        Defendant and Respondent. | D080882<br><br><br><br>(Super. Ct. No. 37-2020-00047053-CU-PN-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Cynthia A. Freeland, Judge.  Reversed and remanded with directions.

Law Offices of Robert S. Gerstein, Robert S. Gerstein; Law Offices of James P. Wohl and James P. Wohl for Plaintiff and Appellant Duane Urquhart.

Wingert Grebing Brubaker & Juskie and Colin H. Walshok for Defendant and Respondent.

INTRODUCTION

Peppertree Villages 9 & 10, LLC, North Capital, Inc., Duane Urquhart, and Walter Osgood (collectively, Peppertree) appeal from a judgment entered following an order sustaining a demurrer against their complaint for legal malpractice. The trial court ruled the alleged acts of malpractice were time-barred and were subject to judicial estoppel. Because we conclude not *all* acts of malpractice were time-barred or subject to judicial estoppel, we reverse.

FACTUAL AND PROCEDURAL BACKGROUND

Peppertree brought this legal malpractice action against Lounsbery Ferguson Altona & Peak, LLP (LFAP). LFAP had represented Peppertree in a suit brought by Meritage Homes of California, Inc. (Meritage) for breach of contract and related claims. Peppertree and Meritage agreed to bifurcate trial into two phases, with alter ego claims reserved for the second phase. In July 2017, following the first phase of a bench trial, the trial court entered judgment against Peppertree, awarding Meritage more than $6.1 million in damages and interest. The judgment noted the alter ego claims remained untried.

Peppertree[1] filed for Chapter 11 bankruptcy in August 2017, listing the July 2017 judgment and legal fees owed to LFAP as liabilities. Peppertree did not identify a legal malpractice claim against LFAP as an asset during the bankruptcy proceedings. In November 2019, the bankruptcy court approved Peppertree's plan of reorganization.

While the bankruptcy proceedings were ongoing, Peppertree retained new counsel to appeal the July 2017 judgment. Peppertree filed its appeal

---

[1] With the exception of appellant Walter Osgood, who did not file for bankruptcy.

from the July 2017 judgment in February 2018. LFAP did not appear in that appeal, and the trial court relieved LFAP as counsel of record for Peppertree in August 2018. We dismissed that appeal by Peppertree without prejudice in December 2019 because we concluded the July 2017 judgment was not an appealable final judgment. (See *Meritage Homes of California, Inc. v. Peppertree Village-VII, LLC* (Dec. 20, 2019, D073088) [nonpub. opn.] (*Meritage Homes*).)[2]

Peppertree then filed this legal malpractice action against LFAP in December 2020. Peppertree's complaint alleged examples of malpractice committed by LFAP leading up to and during the first phase of the bifurcated trial. The complaint also alleged "the crowning . . . legal malpractice" by LFAP was that "LFAP had never disclosed, discovered or devined [*sic*] that the [July 2017] judgment adverse to [Peppertree] and for which LFAP had represented [Peppertree], was not appealable because it was not a final judgment." Peppertree alleged this act of legal malpractice was not known to it until Peppertree suffered the dismissal of its appeal from the July 2017 judgment.

The complaint's first cause of action for professional negligence incorporated the above allegations by reference. It also alleged LFAP had (1) "allowed a judgment to be entered against [Peppertree] which was utilized by Meritage and appealed by [Peppertree], but which was not final"; (2) "negligently undertook to assist, represent, advise, counsel and prepare legal authority"; and (3) "ignored, omitted and/or misstated vital operative law,

---

2      We grant Peppertree's request for judicial notice of this court's nonpublished opinion in *Meritage Homes*, which provides relevant information about the action from which Peppertree's malpractice allegations originated.

facts and issues, [and] failed to correctly apply California legal principles available by way of research and investigation." (Capitalization omitted.)

LFAP demurred to Peppertree's complaint on the grounds that the malpractice claims were barred by judicial estoppel and the one-year statute of limitations and failed for lack of standing. The trial court sustained the demurrer, finding the causes of action were barred by judicial estoppel and by the one-year statute of limitations. Regarding judicial estoppel, the court found Peppertree's failure to identify a potential claim for legal malpractice against LFAP in the bankruptcy proceedings inconsistent with its later suit against LFAP for alleged malpractice.

As for the statute of limitations, the trial court found the claims of malpractice were "predicated upon acts or omissions which occurred leading up to and during the [first phase] trial." It rejected Peppertree's argument that the December 2019 *Meritage Homes* opinion dismissing the appeal first put them on notice of facts giving rise to the complaint. The court found the longest the statute of limitations could have been tolled was until August 24, 2018, when LFAP was relieved as counsel, which was well more than a year before Peppertree filed its complaint. The court denied Peppertree's request for leave to amend its complaint, concluding the deficiencies could not be cured by amendment.

## DISCUSSION

We review de novo an order sustaining a demurrer. (*Pointe San Diego Residential Community, L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP* (2011) 195 Cal.App.4th 265, 274 (*Pointe San Diego*).) To survive a demurrer, a complaint must state facts sufficient to constitute a cause of action. (Code

4

Civ. Proc.,<sup>3</sup> § 430.10, subd. (e).)  In testing a complaint against a demurrer, "we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context."  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "[T]he facts alleged in the [complaint] are deemed to be true, however, improbable they may be," unless they are inconsistent with attached documents or facts judicially noticed.  (*Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604 (*Del E. Webb*).)

A demurrer cannot attack a portion of a cause of action.  (*PH II, Inc. v. Superior Court* (1995) 33 Cal.App.4th 1680, 1681–1682 (*PH II*).)  Thus, "to prevail on a demurrer based on the statute of limitations, a defendant must establish the entire cause of action is untimely."  (*Pointe San Diego*, *supra*, 195 Cal.App.4th at p. 274.)  Accordingly, "where a plaintiff sues a defendant for legal malpractice alleging several distinct acts of malpractice with respect to a single representation, a demurrer is properly granted on the basis of the statute of limitations only if *each* alleged act of malpractice is time-barred." (*Ibid.*)

Peppertree does not challenge the trial court's ruling that the alleged acts of malpractice *before and during the first phase trial* are barred by the statute of limitations.  It contends, however, the court erred in sustaining LFAP's demurrer because the " 'crowning' " act of legal malpractice—LFAP's failure to advise Peppertree the July 2017 judgment was not appealable—is not barred by the statute of limitations and cannot be subject to judicial estoppel.  We agree.

---

<sup>3</sup>     All further undesignated statutory references are to the Code of Civil Procedure.

A.	*The Statute of Limitations Does Not Bar All Alleged Acts of Malpractice*

Section 340.6 sets forth the statute of limitations for legal malpractice. (*Pointe San Diego*, *supra*, 195 Cal.App.4th at p. 275.) It provides that any "action against an attorney for a wrongful act or omission . . . arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission." (§ 340.6, subd. (a).) The one-year period is tolled until the plaintiff sustains "actual injury" and the attorney no longer represents the plaintiff "regarding the specific subject matter in which the alleged wrongful act or omission occurred." (*Ibid.*; *Pointe San Diego*, at p. 275.) "Actual injury occurs when the client suffers any loss or injury legally cognizable as damages in a legal malpractice action based on the asserted errors or omissions." (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 743.)

As Peppertree impliedly concedes, the statute of limitations bars all alleged acts of malpractice before and during the first phase trial.[4] Those acts resulted in actual injury no later than July 2017, when the trial court entered judgment against Peppertree for more than $6.1 million. The court relieved LFAP as Peppertree's attorney in August 2018, which marked the end of the tolling of the statute of limitations. Peppertree then waited more than two years before filing their malpractice action in December 2020. That

---

4	Although Peppertree's counsel declined, at oral argument, to explicitly concede the untimeliness of the allegations of malpractice that occurred before and during the first phase trial, we note that Peppertree argued in its reply brief "an amendment [of the complaint] limiting [its] causes of action to LFAP's malpractice in treating an interlocutory judgment as final *could reasonably render ineffective LFAP's untimeliness defense.*" (Italics added.)

6

exceeded the one-year limitations period for claims based on those alleged acts of malpractice, making them time-barred.

Peppertree, however, timely filed its claim that LFAP allegedly committed malpractice by failing to disclose the non-appealability of the July 2017 judgment. Peppertree contends it did not discover and could not reasonably discover *this* alleged act of malpractice until December 2019, when this court dismissed the appeal without prejudice in *Meritage Homes*. As a result, the statute of limitations for this alleged act of malpractice began running in December 2019. Peppertree filed its complaint exactly one year later, in compliance with the statute of limitations.

LFAP contends it could not have committed malpractice in connection with the appeal from the July 2017 judgment because it "had no involvement in handling the appeal, did not file the notice of appeal and were not counsel of record for the appeal." That may be so, but these unsupported contentions cannot be the basis for sustaining a demurrer. (See *Del E. Webb*, *supra*, 123 Cal.App.3d at p. 604.) Even assuming LFAP's contentions can be proven, they do not undermine Peppertree's allegation in paragraph 16 of the complaint (which we must assume is true at this juncture) that "the crowning LFAP legal malpractice" was that "LFAP had never disclosed, discovered or devined [*sic*]" the July 2017 judgment was not an appealable final judgment. This allegation reasonably implies LFAP, following the judgment and before the appeal, either provided incorrect advice or failed to provide correct advice regarding the appealability of the judgment.

LFAP contends the allegation in paragraph 16 conflicts with paragraph 10 of the complaint, which states the July 2017 judgment "was appealed by [Peppertree] after termination of LFAP." But paragraph 10 does not account for all of the time between the July 2017 judgment and the filing of the

7

appeal in February 2018. LFAP may have failed to "dislose[ ], discover[ ], or devine[ ] [*sic*]" the unappealable nature of the July 2017 judgment, as Peppertree alleges, in the period between the date of the judgment and the date of LFAP's termination. Moreover, neither party disputes LFAP remained counsel of record for Peppertree until August 2018, well after the judgment was appealed. Under a liberal reading of the complaint, the allegations suffice to state a cause of action for legal malpractice. Because one of the alleged acts of malpractice was not time-barred, the trial court erred in sustaining LFAP's demurrer based on the statute of limitations. (See *Pointe San Diego*, *supra*, 195 Cal.App.4th at p. 274 ["a demurrer is properly granted on the basis of the statute of limitations only if *each* alleged act of malpractice is time-barred"].)

A court "may . . . at any time in its discretion, and upon terms it deems proper . . . [s]trike out all or any part of any pleading not drawn or filed in conformity with the laws of this state." (§ 436.) This is particularly appropriate where "a portion of a cause of action [is] substantively defective on the face of the complaint . . . such as a violation of the applicable statute of limitations." (*PH II*, *supra*, 33 Cal.App.4th at pp. 1682–1683.) "Although a defendant may not demur to that portion, in such cases, the defendant should not have to suffer discovery and navigate the often dense thicket of proceedings in summary adjudication." (*Id.* at p. 1682.) Accordingly, to streamline the case on remand, we direct the trial court to strike all time-barred allegations from Peppertree's complaint, namely the alleged acts of

8

malpractice before and during the first phase of trial.[5]  (See *Caliber
Bodyworks, Inc. v. Superior Court* (2005) 134 Cal.App.4th 365, 385 [directing
the trial court to strike portions of causes of action that were "clearly
objectionable" under applicable law].)

B.     *Judicial Estoppel Does Not Apply to the Alleged Malpractice Involving
       Appealability of the July 2017 Judgment*

Judicial estoppel applies "when: (1) the same party has taken two
positions; (2) the positions were taken in judicial or quasi-judicial
administrative proceedings; (3) the party was successful in asserting the first
position (i.e., the tribunal adopted the position or accepted it as true); (4) the
two positions are totally inconsistent; and (5) the first position was not taken
as a result of ignorance, fraud, or mistake." (*Jackson v. County of Los
Angeles* (1997) 60 Cal.App.4th 171, 183 (*Jackson*).)

The trial court relied on judicial estoppel as an alternate ground to
sustain Peppertree's demurrer.  However, its order did not consider the
alleged malpractice regarding LFAP's failure to disclose that the July 2017
judgment was not appealable.  That allegation appeared in paragraph 16 of
Peppertree's complaint.  Although the court's order cited and considered the
allegations of malpractice from paragraphs 12–15 of the complaint, all of
which occurred before or during the first phase trial, it did not cite or
consider paragraph 16.

---

[5]     Because we conclude the trial court erred in sustaining LFAP's
demurrer, we need not address Peppertree's alternative argument that the
court abused its discretion in denying Peppertree's motion for leave to amend
its complaint.  Our direction to the court to strike all time-barred malpractice
allegations has the same effect as Peppertree's proposed amendment.  (See
fn. 4, *ante.*)

In contrast to the other alleged acts of malpractice,[6] Peppertree was unaware of LFAP's alleged malpractice regarding the appealability of the July 2017 judgment when it filed for bankruptcy in August 2017 and when its reorganization plan was approved in November 2019. According to its complaint, Peppertree did not learn the judgment was unappealable until December 2019, when this court dismissed Peppertree's appeal in *Meritage Homes*. Thus, it could not have listed that malpractice claim in its bankruptcy schedules. Judicial estoppel cannot apply to that claim because Peppertree could not take a position on it in the bankruptcy proceeding. (See *Jackson, supra*, 60 Cal.App.4th at p. 183 [judicial estoppel requires that "the same party has taken two positions"].) As "[a] demurrer does not lie to a portion of a cause of action," the court erred in sustaining LFAP's demurrer on the basis of judicial estoppel, which did not apply to all alleged acts of malpractice. (*PH II, supra*, 33 Cal.App.4th at p. 1682.)

C.    *Peppertree Has Standing as a Chapter 11 Debtor in Possession*

LFAP revives its argument that Peppertree lacks standing, which the trial court rejected. LFAP contends Peppertree's cause of action for legal malpractice became property of the Chapter 11 bankruptcy estate, thereby depriving Peppertree of standing to bring suit against LFAP. We disagree.

"The widely accepted rule is that after a person files for bankruptcy protection, any causes of action previously possessed by that person become

---

6    Peppertree also requested we take judicial notice of its "Seventh Amended Joint Chapter 11 Plan of Reorganization" in the bankruptcy proceeding, which it uses to support an argument that it reserved from bankruptcy its malpractice claims for acts preceding and during the trial. As we have already concluded those claims are time-barred, we deny this request.

10

the property of the bankrupt estate." (*Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 1001.) However, "[C]hapter 11 debtors, acting in the capacity of debtor in possession performing the duties of the trustee, do have authority to control property of the estate before plan confirmation." (*Diamond Z Trailer, Inc. v. JZ L.L.C (In re JZ L.L.C.)* (Bankr. 9th Cir. 2007) 371 B.R. 412, 418 (*In re JZ*).) They "also have such authority *after* plan confirmation," unless the order confirming the plan provides otherwise. (*Ibid.*; 11 U.S.C. § 1141(b).) Thus, Chapter 11 debtors in possession have "standing to sue on causes of action that are property of the estate." (*In re JZ*, at p. 418; *California Aviation, Inc. v. Leeds* (1991) 233 Cal.App.3d 724, 729.)

LFAP concedes that Peppertree had the powers of a trustee as a Chapter 11 debtor in possession. But LFAP does not point to anything in the order confirming Peppertree's plan of reorganization that vested the legal malpractice cause of action anywhere other than with Peppertree. Accordingly, throughout and following the bankruptcy proceedings, Peppertree maintained authority over the legal malpractice cause of action. Peppertree has standing to sue LFAP. (*In re JZ*, *supra*, 371 B.R. at p. 419 ["When property of the estate has been vested in the debtor, it cannot be said that the [C]hapter 11 debtor has no standing after the case is closed."].)

11

## DISPOSITION

The judgment is reversed, and the matter is remanded with directions to the trial court to strike the portions of Peppertree's complaint that contain time-barred allegations, namely the alleged acts of malpractice before and during the first phase of trial. Each party shall bear its own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

DO, J.

WE CONCUR:

DATO, Acting P. J.

BUCHANAN, J.

12