Filed 9/3/24  Ontiveros v. Hronis CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LEOPOLDO ONTIVEROS, Plaintiff and Appellant, v. HRONIS, INC., et al., Defendants and Respondents. | F087044 (Super. Ct. No. BCV-23-100448) **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Bernard C. Barmann, Jr., Judge.

Yoon Law, Kenneth H. Yoon and Stephanie E. Yasuda for Plaintiff and Appellant.

Fisher & Phillips, Alden J. Park and Rebecca Hause-Schultz for Defendants and Respondents.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Franson, J. and Snauffer, J.

**INTRODUCTION**

Appellant Leopoldo Ontiveros (Ontiveros) filed a class action complaint on behalf of himself and other similarly-situated farmworkers, claiming respondents Hronis, Inc. (Hronis) and Grapeco Farm Management, Inc. (Grapeco) (collectively, respondents) had failed to provide meal and rest breaks and to pay minimum and overtime wages as required by law. The trial court granted respondents' demurrers, finding Ontiveros had failed to state a claim because he had not identified the "labor contractor" that actually employed him in his pleadings. As Ontiveros points out in his appeal, both the original complaint and the first amended complaint (FAC) alleged he was employed directly by respondents,[1] and only alleged employment through a labor contractor as an alternative theory of agency liability. Since a demurrer does not lie to only a portion or a particular theory of a cause of action, but instead must lie to the entire cause of action, we reverse.

**BACKGROUND**

Ontiveros[2] filed a putative class action complaint in Kern County Superior Court on February 14, 2023. He alleged violations of various provisions of the Labor Code, and noted he brought the suit "on behalf of [himself] and the Class of other similarly situated current and former *employees* of Defendants." (Italics added.) The complaint alleges respondents disregarded the "rights of all employees." It also alleges Ontiveros

---

[1]     While respondents allege Ontiveros made no claims against Grapeco, a review of the FAC in this case shows Ontiveros alleged he was directly employed by both respondents. At the pleading stage of the case, we are bound to accept the factual allegations as true. (*Serrano v. Priest* (1971) 5 Cal.3d 584, 591; *290 Division (EAT), LLC v. City and County of San Francisco* (2022) 86 Cal.App.5th 439, 452.) Therefore, we must accept Ontiveros's allegation that he was a direct employee of Grapeco. Accordingly, the analysis of the arguments made here is the same in relation to both respondents.

[2]     The original complaint contained another named plaintiff, Martin Armenta, who does not appear to have appealed the decision.

was "employed by Defendants within the statutory time period." The complaint does also contain allegations against various unknown Doe defendants, and indicates the Doe defendants may have acted in various agent capacities on behalf of each other.

In particular, the complaint alleged Hronis was a "client employer within the meaning of California Labor Code § 2810.3." The complaint contains legal citations noting client employers who hire individuals through labor contractors retain liability for labor law violations committed by those contractors. It then returns to the class allegations filed by "all non-exempt *employees* of Defendants," indicating the labor contractor theory alleged is only one of two alternative theories: i.e., that defendants either employed their employees directly, or through a labor contractor, and in either case bear legal liability for the failure to pay their wages. (Italics added.)

Respondent Hronis demurred, arguing Ontiveros had failed to plead facts stating a cause of action, because he had not identified the labor contractor that allegedly employed him. Ontiveros opposed, noting he had pleaded he and the members of the putative class were direct employees—i.e., were not employed through any third-party contractor—and that he had merely included allegations regarding labor contractors as an alternative theory of liability. The trial court sustained the demurrer on the basis that Ontiveros had not named the labor contractor in the complaint.

On July 7, 2023, Ontiveros filed the FAC, alleging substantially the same allegations, but adding respondent Grapeco as a defendant. The FAC again alleged Ontiveros and the putative class members were employees or, in the alternative, were employed through a labor contractor. The FAC identified numerous labor contractors through which putative class members were employed, including: "Espinosa Farm Labor Contractor; A Perez Farm Labor Contractor; Celaya Contracting and Celaya Farm Labor, Inc.; Jerry's FLC, Inc., and Jerry's Farm Labor Contractor, Inc.; E. Perez Farm Service; Palmillas Farm Service; RNC Nunez Labor Contracting; Santos Montemayor FLC, Inc.; Franco Labor Contracting; [and] M&J Farm Labor Contractor." Respondents again filed

3.

a demurrer, arguing this did nothing to cure the insufficiency, because Ontiveros had "fail[ed] to plead *which* of the labor contractors employed Plaintiffs or at the very least, either of the two named Plaintiffs." (Italics added.) The trial court sustained the demurrer without explanation, noting only "Defendants' Notice and Statement in Support of Demurrer to Plaintiff's First Amended Complaint is sustained without leave to amend." Notice of appeal was timely filed.

## DISCUSSION

We review the sufficiency of pleadings de novo, in order to determine whether the pleadings include facts sufficient to state a cause of action under any possible legal theory. (*Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1242.) "Appellate courts treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law." (*Ibid.*; see also *Franceschi v. Franchise Tax Bd.* (2016) 1 Cal.App.5th 247, 256.) While pleadings containing conclusions of law may be ignored, " ' "it has long been recognized that '[t]he distinction between conclusions of law and ultimate facts is not at all clear and involves at most a matter of degree. [Citations.] For example, the courts have permitted allegations which obviously included conclusions of law and have termed them "ultimate facts" or "conclusions of fact." ' [Citations.] What is important is that the complaint as a whole contain sufficient facts to apprise the defendant of the basis upon which the plaintiff is seeking relief." ' " (*Thompson v. Spitzer* (2023) 90 Cal.App.5th 436, 451, italics omitted.) Courts have sanctioned the pleading of ultimate facts, finding that "to survive a demurrer, the complaint need only allege facts sufficient to state a cause of action; each evidentiary fact that might eventually form part of the plaintiff's proof need not be alleged." (*C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 872.)

It is well-established under California law that a demurrer does not lie to a portion of a cause of action, or to one theory of liability under a cause of action, but instead lies

4.

only when the cause of action is disposed of in its entirety. (*Daniels v. Select Portfolio Servicing, Inc.* (2016) 246 Cal.App.4th 1150, 1167, overruled on other grounds in *Sheen v. Wells Fargo Bank, N.A.* (2022) 12 Cal.5th 905; *Fire Ins. Exchange v. Superior Court* (2004) 116 Cal.App.4th 446, 452; *PH II, Inc. v. Superior Court* (1995) 33 Cal.App.4th 1680, 1682.) A demurrer targeted at only a single theory of liability must be overruled; the proper procedural vehicle, if a defendant believes the allegations contain a substantive defect apparent on the face of the complaint to sustain a particular theory of liability, is a motion to strike, which may be directed to a portion of a complaint. (*Daniels*, at p. 1167; *PH II*, *Inc.*, at p. 1681.)

Here, both the complaint and the FAC alleged seven causes of action based on specific provisions of the Labor Code, as well as section 17200 of the Business and Professions Code. Ontiveros alleged he and putative class members were direct employees of the respondents. Ontiveros also included alternative allegations that he or members of the putative class were employed by labor contractors retained by respondents, and thus Labor Code section 2810.3 applied. That provision states in pertinent part, "[a] client employer shall share with a labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contractor for … [¶] [t]he payment of wages." (Lab. Code, § 2810.3, subd. (b)(1).)

Neither party disputes the alleged violations of the Labor Code may be leveled at an individual's employer, nor that Ontiveros alleged sufficient facts to state a cause of action against a direct employer. The sole issue presented is whether there were sufficient allegations to identify the labor contractors, if any, through which respondents hired Ontiveros and/or members of the putative class. However, Ontiveros clearly alleged he and members of the putative class were direct employees. Because allegations about employment through a third-party contractor followed those alleging direct employment, it is clear they were pleaded merely as an alternative theory of liability for certain causes of action. Even if this theory of liability was eliminated from the case,

5.

each of the seven causes of action would remain. Respondents do not argue any of the causes of action cannot be alleged against one's direct employer, nor do they argue there were insufficient facts alleged to identify the employer. The FAC states, "Plaintiffs were employed by Defendants within the statutory time period." Whatever ultimately happens regarding an agency theory for a labor contractor's liability, it is clear no causes of action against respondents will be eliminated from this case on demurrer, because respondents may be liable for wage-and-hour claims levied by direct employees. Again, the procedural vehicle for contesting a defect in a theory of liability that appears on the face of a complaint is a motion to strike, not a demurrer.

Setting aside the procedural defect here, we would still reverse because all necessary facts were pleaded for either theory of liability in both complaints. A demurrer will generally be overruled if the complaint pleads ultimate facts, and it is typically unnecessary to plead evidentiary facts, " 'so long as the pleading gives notice of the issues sufficient to enable preparation of a defense.' " (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 549–550; see also *Doheny Park Terrace Homeowners Assn., Inc. v. Truck Ins. Exchange* (2005) 132 Cal.App.4th 1076, 1099 ["It has been consistently held that ' "a plaintiff is required only to set forth the essential facts of his case with reasonable precision and with particularity sufficient to acquaint a defendant with the nature, source and extent of his cause of action." ' "]) Here, respondents have suggested no reason the specific identity of any farm labor contractor Ontiveros or any putative class member might have worked for is necessary at the pleading stage to give reasonable notice of what issues will be raised in the litigation.[3] Respondents are presumably aware

---

[3]    Respondents suggest this litigation was filed "to further harass Defendants" after they prevailed in a "nearly identical action." Respondents believe this is the case because counsel in the two suits have offices in different suites in the same building. Respondents close their brief by suggesting plaintiff's counsel is "bend[ing] the judicial system to continue their harassment campaign against Defendants." However, respondents did not raise arguments related to claim or issue preclusion, either here or below. Moreover,

of the universe of labor contractors through which they have procured workers, and are able to confirm whether Ontiveros was a direct employee or was employed through a contractor at some point. Since the complaint alleges the relationship between Ontiveros and respondents, as well as the wrongdoing respondents purportedly engaged in, respondents have sufficient notice to begin preparing their defense. This is particularly true after Ontiveros filed the FAC, which alleged the *specific* identity of a number of farm labor contractors allegedly utilized by respondents in employing members of the putative class, although we still see no reason this is necessary at the pleading stage, since it does not change the causes of action respondents must defend against. It is not rare for defendants to want more details alleged at the outset of a suit; however, the law requires only that they be apprised of the factual basis on which the plaintiff seeks relief sufficient to give reasonable notice. Both complaints in this case provide such notice.

## DISPOSITION

The judgment of the trial court and its orders sustaining the demurrer to the FAC are reversed, and the case is remanded for further proceedings not inconsistent with this opinion. Ontiveros shall recover his costs on this appeal.

---

claim and issue preclusion relate to issues or causes of action already decided between *the litigants*, not their counsel. Even assuming counsel in these two referenced suits were the same, nothing prevents an attorney from representing different plaintiffs in more than one action against a particular defendant. Accordingly, we disregard these comments in their entirety, which lack both support in the record and relevance.